Schmidt v. Keeler.

P. Ruble shall deliver said contract to said Martin R. Ruble, and shall forfeit all right to any of the proceeds thereof.

Witness our hands the day and year aforesaid.

MARTIN R. RUBLE.
S. P. RUBLE."

The jury found the issues against the interpleader, judgment was entered upon such finding, and this appeal is prosecuted therefrom.

HARRY D. IRWIN, attorney for appellant.

JAMES A. FULLENWIDER, attorney for appellee.

---

**Henry Schmidt v. James H. Keeler.**

| 63 | 487 |
| 82 | 563 |

| 63 | 487, |
| 103 | 422 |

1. COMMISSIONS—*Requisites of the Action.*—A real estate broker in order to recover his commissions, must show that he secured a purchaser who was ready, able and willing to buy.

**Assumpsit,** for commissions. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELEY, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed April 13, 1896.

## STATEMENT OF THE CASE.

This was an action in assumpsit for the recovery of commissions claimed to have been earned by the plaintiff while acting as defendant's agent for the sale of his real estate. The defendant pleaded the general issue; the cause was submitted to the court without the intervention of a jury; the issue was found for the plaintiff, and judgment was rendered against the defendant for $500 and costs, from which judgment he has appealed to this court.

H. T. and L. HELM, attorneys for appellant.

A real estate broker, in order to be entitled to compensation, must find a customer willing to buy upon the terms prescribed by the owner, or on terms which the owner afterward accepts.    Mechem on Agency, Sec. 965.

The compensation of a real estate broker is contingent upon his success.    Clark v. Nessler, 50 Ill. App. 550; Sibbaldt v. Bethlehem Iron Works, 83 N. Y. 378.

A real estate broker earns and becomes entitled to his commissions only when he procures a purchaser who is ready, willing and able to buy and to complete the purchase, upon the terms specified, or if no particular terms were agreed upon, when he has procured a purchaser to whom the principal sells.    Mechem on Agency, Sec. 966.

If the vendor accepts the purchaser and enters into a valid contract, the commission is earned, but if he rejects the purchaser, the broker is bound to show not only that the proposed purchaser was willing to accept the offer, but also that he was ready and able on his part to perform all the terms of the purchase.    Pratt v. Hotchkiss, 10 Ill. App. 603; Coleman's Executors v. Meade, 13 Bush (Ky.) 358.

In order to entitle a real estate broker to commission, either the principal or the broker, on behalf of the principal, must have entered into a valid contract with the buyer, and one that can be enforced.    Lang v. Hand, 57 Ill. App. 134.

Unless it is expressly agreed that the broker has the exclusive authority to sell, the principal may employ several

brokers to sell the same property, or may sell it himself, and the authority of each broker so employed being limited to the particular transaction, the sale of the property either by the principal in person or by any one of the brokers, operates to terminate the authority of all the brokers, although they had no actual notice of the sale. Mechem on Agency, Sec. 969; Ahern v. Baker, 34 Minn. 98; 2 Am. & Ency. of Law, 585.

Robert A. Childs and Charles Hudson, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

We are compelled to reverse the judgment in this case because of a failure by the plaintiff to make certain proof essential to his recovery.

No conveyance to the purchaser, claimed to have been secured by plaintiff, was made; it was therefore incumbent on the plaintiff to show that such intending purchaser was ready, able and willing to buy; no proof of his ability to buy was made; the only evidence was that he (Sloan) orally agreed to buy.

Appellee says that neither the readiness nor ability of Sloan to buy was disputed at any time.

That is not sufficient. Appellant by his pleading denied every element of appellee's case, and there was no evidence that either the readiness or ability of Sloan to purchase was ever admitted. Upon the trial there was no such admission. Appellant should have been permitted to testify that appellee did not have an exclusive right to sell the house.

The judgment of the Circuit Court is reversed and the cause remanded.