# Adam Hutten v. Frank Renner.

1. REAL ESTATE AGENT—*When Entitled to Commissions.*—When a real estate agent makes a verbal contract of sale, void under the statute of frauds, and which his principal refuses to carry out, the agent is nevertheless entitled to his commissions upon showing that the prospective purchaser was able, ready and willing to carry out his contract.

2. JUDGMENTS—*In Excess of the Evidence.*—A judgment for more than the proofs show the party entitled to recover will be reversed.

**Assumpsit,** for commissions. Appeal from the Circuit Court of Whiteside County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed December 17, 1897.

A. A. WOLFERSPERGER, attorney for appellant.

WHITE & SHELDON, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit by appellee to recover a fee for commissions for selling for appellant 160 acres of farm land.

The cause was tried by the court without a jury, resulting in a finding and judgment in favor of appellee for $500.

The evidence tended to show that appellee was employed by appellant to sell the land on a commission of $100 if he sold the land for $35 per acre, and that amount and all he could sell it for above that amount.

The evidence further tended to show that appellee, in pursuance of such employment, made a verbal contract with Jas. Lauff to sell him the land for $37.50 per acre; that afterward Lauff, after such contract and before appellee informed appellant of the sale, went to the latter and purchased the land of him at $35 per acre, and paid him from $15 to $25 down on it. After the sale from appellee, and on Monday following the previous Saturday, when the contract was made between appellant and Lauff, the two last named met in a lawyer's office in Sterling to consummate the sale by executing the deed to Lauff.

Hutten v. Renner.

While they were thus engaged in drawing up the papers, the appellee came in and told appellant that he had sold the land to Lauff for $37.50 per acre and demanded a hundred dollars fee. The appellant refused to give it, and completed the trade with Lauff and delivered the deed at $35 per acre. Upon this evidence the court rendered judgment against the appellant for the amount above named.

In this we think the court was in error.

By the terms of the employment appellant was not prohibited from making the sale himself, and had a right to make it, and it appears it was made without negligence or any bad faith on his part toward appellee, not knowing that the latter had made sale of the land at $37.50 per acre to Lauff, and knew no different until informed of it while executing the deed to Lauff.

The excess over $35 per acre was a speculative fee that appellee was to receive provided he made the sale of appellant's land so that he could receive that amount, but appellee was to have $100 at all events, in case he sent appellant a purchaser at the price the latter wanted to realize.

Under the circumstances it appears that appellee was the meritorious cause of the sale, and that was the cause of appellant making the sale, and would be entitled to a fee of $100, no difference whether at the time appellee sold the land, he was informed of it or not. Bryan v. Albert, 3 Ill. App. D. C. A purchaser under the facts and in contemplation of law was produced at the price at which the land was sold.

But the case stands quite differently as to the other part of the claim, for the excess above $35 per acre. The burden of proof was on appellee to show that Lauff, in pursuance of appellee's bargain, was ready and willing to give appellant the $37.50 per acre.

It was not reasonable to suppose he would do so after he had ascertained that he could get the land for less, unless he had felt himself in honor bound to live up to his first contract, which, it appears, he did not.

What the result would have been if appellant had refused to carry out the agreement he made with Lauff, after he learned of the first contract, can not be determined from the evidence. Lauff does not testify he would then have taken the land at that price, and as appellant had rightfully sold the land to Lauff, without notice and in good faith to his agent, he was not legally bound to repudiate his contract and demand the $37.50 per acre, as an experiment to test the matter as to the willingness of Lauff to give that amount.

In order to force Lauff to the test, he would have been compelled to give an absolute refusal to carry out his contract, which might have resulted in the loss of the sale of his land.

The contract between Lauff and appellee was verbal and incapable of being legally enforced, because it was obnoxious to the statute of frauds and perjuries, and under these circumstances it was incumbent on appellee to show that the vendee was willing and ready and able to carry out and perform the contract at $37.50 per acre, as agreed on between Lauff and himself. Wilson v. Mason, 158 Ill. 304.

It will be noticed that the appellee, at the time the deed was delivered to Lauff, only demanded $100 due as his commission.

The court erred in rendering so large a judgment.

The evidence would not sustain a judgment for over $100.

For the error in the court giving judgment for too large a sum, the judgment of the Circuit Court is reversed and the cause remanded.