LOUIS JACOBS

*v.*

DORA MARKS.

*Opinion filed December 18, 1899—Rehearing denied February 7, 1900.*

1. ATTACHMENT—*one seeking attachment in aid need not be examined in open court.* Section 31 of the Attachment act, (Rev. Stat. 1874, p. 157,) concerning the examination, on oath, of one seeking an attachment in aid, does not contemplate examination in open court.

2. SAME—*judge is presumed to have made the examination required by law.* It will be presumed, on appeal, in the absence of contrary evidence, that before ordering an attachment in aid the judge heard such evidence and made such examination as the law requires, where it appears the plaintiff appeared before the judge and applied for the writ.

183    533
s182US583
183    533
97a 4547
183    533
a182US 583
45Led1241
21 SC 865
183    533
106a 4275

3. PLEADING—*pleading over after demurrer waives defects in declaration.* Pleading to the merits after the overruling of a demurrer is a waiver of objections to the sufficiency of the declaration.

4. VARIANCE—*variance cannot be first urged in motion in arrest.* One desiring to avail of a variance should object to the admission of the evidence when it is offered and point out the variance, and can not first raise the objection in the motion in arrest of judgment.

5. ACTIONS AND DEFENSES—*when alleged former settlement will not bar recovery.* The discontinuance of a former suit, by agreement, upon the making of a contract for settlement, does not bar a subsequent suit on the same demand, where it appears the contract was never carried out and the plaintiff has received nothing in satisfaction of his claim.

*Jacobs* v. *Marks*, 83 Ill. App. 156, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

BLUM & BLUM, for plaintiff in error.

JOHN W. BYAM, and C. L. MAHONEY, (ROSENTHAL, KURZ & HIRSCHL, of counsel,) for defendant in error.

Per CURIAM: This was an action for deceit, brought by Dora Marks, against Louis Jacobs. The plaintiff sued out an attachment in aid. The defendant appeared and pleaded to the declaration, to which replications were filed, and on a trial the plaintiff recovered a verdict and judgment for $4000, which was affirmed in the Appellate Court.

Section 31 of chapter 11 of the statute provides: "That in all actions of trespass and trespass on the case, before a writ of attachment shall be issued the plaintiff, his agent or attorney, shall apply to a judge of a court of record or a master in chancery of the county in which the suit is pending and be examined, under oath, by such judge or master concerning the cause of action; and there-

upon such judge or master shall indorse upon the affidavit the amount of damages for which the writ shall issue."

The abstract shows that the defendant entered a motion to quash the attachment, "on the ground that the court, before ordering attachment, did not examine the plaintiff, her agent or attorney, on oath, in open court, as to the character or nature of her case; and the clerk had no authority to issue this attachment because the order does not recite that the said judge had examined the plaintiff on oath, etc., and because no order was ever issued by any judge of this court stating the amount for which attachment was issued." The court denied the motion. ·The statute does not contemplate that an examination should be made before a court in session, but merely that the party desiring an attachment should appear before a judge or a master in chancery; and upon an application of that character no record could well be made of the proceedings before the judge or master. Here it is conceded that the plaintiff appeared before the judge and made the application and the judge ordered the writ, but what examination the judge made does not appear. It will, however, be presumed, in the absence of a contrary showing, that the judge heard such evidence and made such examination as the law required. We think the motion was properly denied.

It is next claimed in the argument that the plaintiff, both in her declaration and evidence, failed to make out a case. As to the declaration, it appears from the record that the defendant demurred, and after the demurrer was overruled pleaded over. It is a well settled rule that a plea to the merits after a demurrer has been overruled is a waiver of the defects in the declaration. If the declaration was insufficient and defendant desired to avail of such insufficiency he should have abided by the demurrer. Having failed to do so he cannot now complain of the declaration. It is true, there was here a motion in arrest of judgment; but this was not predicated

on the ground that the declaration failed to state a cause of action, but, as appears on page 85 of the abstract, the motion was based on the ground that there was a material variance between the declaration and the evidence. If there was a variance and the defendant desired to avail of the objection, he should have objected to the introduction of the evidence when it was offered on the trial, and the variance should have been pointed out in order that the plaintiff might, if she desired, obviate the difficulty by amendment. He could not wait until the trial was over, and then avail of a variance on motion in arrest of judgment.

As to the evidence, upon an examination it will be found that it fairly tended to establish plaintiff's cause of action. Its sufficiency was settled by the judgment of the Appellate Court and cannot be considered here.

After defendant's demurrer to the declaration had been overruled in the circuit court, in addition to a plea of the general issue he filed special pleas, in which he set up, in substance, that the plaintiff, on or about the 4th day of December, 1893, instituted an action in the circuit court of Delta county, Michigan, against the Chicago Furniture and Lumber Company, to recover said sum; that service was duly had upon defendant, which entered its appearance in the cause, and said court acquired jurisdiction of the parties to said cause and subject matter thereof; that afterwards said plaintiff and defendant came to a settlement of said cause, and at a general term of said court, on July 25, 1894, the court entered the following order: "This cause having been settled, it is hereby discontinued by consent of both parties, without cost to either party." The plaintiff filed replication, taking issue on the facts set up in the pleas. Upon the issue formed, evidence was introduced by the respective parties, instructions were given to the jury, and a verdict was returned against the defendant on the issues presented. It is now claimed that the facts set up were a

bar to plaintiff's action. A written contract was entered into between Dora Marks, the plaintiff, and the Chicago Furniture and Lumber Company, at the time the suit named in the plea was settled and discontinued, which was put in evidence on the trial. From that contract and the other evidence it appears that the furniture and lumber company never complied with the contract under which the suit was discontinued, and the plaintiff never recovered a single dollar in satisfaction of her claim. If the plaintiff in the action had sued the furniture and lumber company and recovered the amount of her damages, and had received satisfaction thereof, it is no doubt true that she could not recover for the same thing from another. But no such case was presented by the evidence. Here, as the evidence showed and as found by the jury, there was no recovery by plaintiff of her damages and no satisfaction. The effect of the transaction between the plaintiff and the furniture and lumber company was a mere dismissal of her action or an abandonment of her action as against the furniture and lumber company, for which she recovered nothing in return, and we are aware of no principle upon which it can be held that the record in the furniture and lumber company case can be treated as a bar to the present action.

It appears that the circuit court, on application of the plaintiff, advanced the cause for a hearing, and this is relied upon as error. The statute authorized the court, for good cause shown, to advance the cause, and the facts shown to the court were in our opinion sufficient to authorize the action of the court.

We find no error in the judgment of the Appellate Court, and it will be affirmed.      *Judgment affirmed.*