### Jessie Donley v. John Dougherty.

1. PRACTICE—*Effect in Filing Pleas Puis Darien Continuance.*— A plea *puis darien continuance*, when filed, by operation of law supersedes all other pleas and defenses in the cause, and the parties are to proceed to settle their pleadings *de novo* just as though no pleas had previously been filed in the case.

2. PLEAS PUIS DARIEN CONTINUANCE—*Strictness Required in Framing—Verification.*—By reason of pleas *puis darien continuance* having a tendency to delay, great strictness is required in framing them. They are viewed much like pleas in abatement, and for the same reasons they must, like those pleas, be verified by affidavit.

3. VARIANCE—*Questions of, Can Not be Preserved by a Motion for a New Trial.*—The question of a variance can not be preserved by a motion for a new trial, so that, if the motion is overruled, the Appellate Court can pass upon it in review.

4. SAME—*Questions of, Can Not be Preserved by a Motion in Arrest of Judgment.*—A motion in arrest of a judgment rendered at a term of court prior to that at which the motion is made, is too late, and even though it were made in apt time it can not preserve for review the objection of a variance.

Debt, on an appeal bond. Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed October 24, 1901.

Donley v. Dougherty.

**Statement.**—This is an appeal from a judgment in debt for $2,500 debt, and $1,589.86 damages.   There are two counts in the declaration, each on an appeal bond; but a recovery was had on the second count only, which was on an appeal bond given in an appeal from the Appellate Court to the Supreme Court.   The suit was against William E. Donley and Jessie Donley, surety on the bond, and appellant here.   The defendants pleaded, jointly, *non est factum, nul tiel record* as to the judgment of the Superior Court of Cook County, which judgment was affirmed by this court, *nul tiel record* as to the judgment of affirmance in the Supreme Court, and *nil debit.*   To the last plea a demurrer was sustained.   Issues were taken on the defendant's pleas.   Subsequently the defendant, William E. Donley, filed six pleas *puis darien continuance.*   A rule was made on Donley to elect on which of the pleas he would stand, and he elected to stand on the fourth plea.   None of the pleas was verified.   The plaintiff introduced evidence making a *prima facie* case, and rested, and then dismissed the suit as to William E. Donley, whereupon appellant's attorney moved the court for leave to withdraw the pleas of appellant and for leave to file in lieu thereof a plea *puis darien continuance,* which plea was presented to the court, and was the same, except the change of name, as William E. Donley's fourth plea, and was not verified.   The court overruled the motion, and instructed the jury to find a verdict for the plaintiff, debt $2,500, damages $1,589.86, which the jury did, when the court asked appellant's attorney if there was a motion for a new trial, and the attorney answered, "No, your honor, not to-day.   I have the whole term in which to make one, if I see fit to do so;" whereupon the court entered judgment on the verdict.   This occurred April 23, 1900, at the April term of the court.   May 5, 1900, at the same term, appellant's attorney moved in open court for a new trial, and filed a motion in writing specifying numerous reasons, and, May 8, 1900, filed affidavits in support of the motion, which motion the court, May 11, 1900, overruled.

WM. E. HUGHES, attorney for plaintiff in error.

EDWARD MAHER and ROBERT F. KOLB, attorneys for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant's counsel contend that it was error to refuse to permit appellant to withdraw her original pleas, and to file a plea *puis darien continuance*. Also, that the action being joint against appellant William E. Donley the rendition against defendant alone was erroneous. The plea *puis darien continuance* was presented to the court after the plaintiff's evidence was all in, and the plea was not verified. In Mount v. Scholes, 120 Ill. 394, 399, the court say of such a plea:

" A plea of this kind involves grave legal consequences that do not attach to an ordinary plea. It only questions the plaintiff's right to further maintain the suit. When filed, it, by operation of law, supersedes all other pleas and defenses in the cause, and the parties proceed to settle the pleadings *de novo*, just as though no plea or pleas had theretofore been filed in the case. By reason of pleas of this kind having a tendency to delay, great strictness is required in framing them. In this respect they are viewed much like pleas in abatement, and, for the same reason, they must, like those pleas, be verified by affidavit," citing Chitty on Pl., and Tidd's Practice.

Chitty says:

" Pleas after the last continuance must be verified on oath before they are allowed." Chitty on Pl., 5th Am. Ed., p. 572.

The court properly ruled against the filing of the plea. When the plaintiff dismissed the suit as to William E. Donley, the declaration being against both him and the appellant, there was a variance, but this variance was not pointed out in any manner by appellant's counsel, which had it been, the plaintiff could have amended his declaration. The objection of variance can not be preserved by motion for a new trial, so that, if the motion be overruled, this court can pass on it. Alford v. Donnenberg, 177 Ill. 331.

On the dismissal of the suit against William E. Donley, appellant's attorney made no objection on the ground of variance. He merely asked leave to withdraw appellant's plea and file a plea *puis*, etc.

May 18, 1900, one of the days of the May term of the court, appellant's attorney moved the court to set aside and vacate the order of May, 1900, overruling the motion for a new trial and granting an appeal and to arrest the judgment entered April 23, 1900, at the April tern of the court. We find no error in the refusal of the court to vacate the order of May 11, 1900, or in the refusal to arrest the judgment rendered at the April term. A motion in arrest of a judgment rendered at a term prior to that at which the motion is made, is too late, and even though such motion were made in apt time, it could not preserve for review the objection of variance. Jacobs v. Marks, 183 Ill. 533.

We find no error in the record, and the judgment will be affirmed.