### David Hersher v. Barton C. Wells.

1.   REAL ESTATE BROKERS—*When Entitled to Commissions.*—A real
estate agent who finds a purchaser on the terms fixed by the owner of
the property, such purchaser being ready, willing and able to take a
conveyance and pay the purchase price, has earned his commissions.
The fact that the contract involved an exchange of lands does not
change the rule announced.    After such purchaser has been found it
can make no difference whether defendant did or did not complete the
trades, provided, in the latter event, the plaintiff did not interfere to
bring about that result, or did not bring about the "trades" in the first
instance by fraud.

2.   SAME—*Ability of Purchaser to Make Exchange.*—A broker who

Hersher v. Wells.

supplies a purchaser must show, before he can claim his commissions, that the purchaser is able to make the exchange, and this ability is not proved by the mere production of deeds on his part, without some showing that he also had title to the properties he was willing to deed. His ability does not depend upon general financial responsibility, but upon his being owner of the lands it was proposed to exchange.

Assumpsit, for broker's commissions. Appeal from the Circuit Court of Jefferson County; the Hon. EDMUND D. YOUNGBLOOD, Judge presiding. Heard in this court at the February term, 1902. Reversed and remanded. Opinion filed September 11, 1902.

WILLIAM H. GREEN, attorney for appellant.

FARTHING & PEAVLER, attorneys for appellee.

A broker is entitled to his commission when he presents to his principal a purchaser who is ready, willing and able to complete the sale upon the proposed terms, or upon terms then agreed upon. And the principal can not relieve himself from liability by refusing to consummate the sale or exchange. Hutten v. Renner, 74 Ill. App. 124; Pratt v. Hotchkiss; 10 Ill. App. 603; Monroe v. Snow, 131 Ill. 126; Schmidt v. Keeler, 63 Ill. App. 487.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

Appellee recovered a judgment against appellant for $80, which sum was claimed to be due appellee for commissions in procuring customers in two real estate transactions. A jury was waived and the cause was tried before the court; appellant submitted seven propositions to be held as the law of the case. Appellee submitted none. The court refused to hold all and each of the propositions.

The assignments of error relate to the correctness of the court's action in passing on the propositions and in rendering judgment against appellant.

The evidence tends to prove the contentions of each party. On the part of appellee the evidence tends to show that Hersher listed property with Wells, who is in the real estate business in Mt. Vernon; that the listing was "for sale or trade," Hersher indicating a selling price and a trading price; that appellee succeeded in getting appellant and

one Adkinson to agree to a trade; that Adkinson made out
a deed for his property and tendered it to Hersher, who,
without cause, refused to complete the trade by delivering a
deed to his property; that the contract between appellant
and appellee called for $50 commission on this deal.    The
evidence tends further to show that one Green had some
land in Missouri which he wanted to trade for city property
in Mt. Vernon; that Wells showed Green some of Hersher's
houses and that finally Green and Hersher agreed to a
trade, and that Wells was to have $30 commission on this
deal; that the deeds were to be made the next day after
the proposition for a trade had been accepted; that Green
made out a deed for the Missouri land and tendered it to
Hersher, who, without cause, refused to accept and refused
to make a deed for the city property.    The evidence is
also to the effect that in neither case was there any con-
tract in writing, or memorandum signed by Hersher.

On the part of appellant the evidence tends to show that
he listed some of his real estate with Wells; that Wells
" was to have no commissions unless the sale or trade was
completed;" that Hersher and Adkinson never traded; that
they had some talk of a trade, but were unable to agree
on terms; that after Hersher refused to make out the deed
to Adkinson appellee told him that he " was glad of it, as
there was a law suit about the land;" that Adkinson did
not insist on getting the deed.    The evidence further tends
to show that Green and Hersher talked of trading, but no
trade was in fact made; that Green never gave Hersher
any evidence of title to the Missouri land; that the day
Green and Hersher were talking of trading, Hersher said
he would meet Green the next day and see what could be
done; that on the next day Hersher was called away on some
other business, which prevented the interview; that Green
did make out a deed to the Missouri land, and tendered it to
Hersher, but he refused to accept it; that no writings were
drawn up between Hersher and Adkinson or Hersher and
Green.

The rule of law enunciated in the first six propositions

submitted by appellant to the court was to the effect that either the trade must have been consummated or the contract of trade must have been put in writing so as to be enforceable between the parties, and that if such were not the facts, then no commissions were earned by appellee.

We are of the opinion that all of the six propositions were properly refused. The court found against appellant's contention, that there were to be no commissions paid unless the trades were consummated; and the counter theory of appellee, that the contract with appellant was, that he was authorized to "sell or trade" the lands, was found to have existed. Under a contract of employment of that kind, a real estate agent who finds a purchaser on the terms fixed by the owner of the property, such purchaser being ready, willing and able to take a conveyance and pay the purchase price, has earned his commissions. Monroe v. Snow, 131 Ill. 126.

The fact that the contract in this case involved an exchange of lands does not change the rule announced. Mechem on Agency, Sec. 971. The case of Wilson v. Mason, 158 Ill. 304, does not abrogate this rule. That case goes merely to the extent of holding that where the only evidence of the willingness, readiness and ability of the proposed purchaser is found in an executory contract which is void by the statute of frauds, no commissions have been earned. Hutten v. Renner, 74 Ill. App. 124. There is nothing said in the Wilson case that leads us to the conclusion that the well-established rule of an ordinary real estate broker's contract laid down in the Monroe case, was intended to be abrogated. If appellants in the Wilson case, in addition to the written contract, which the court declared to be void as being within the statute of frauds, had been able to show that the purchasers found, were willing, ready and able to take the property, irrespective of the void written agreements, there is nothing in the reasoning of that case which leads us to believe that the court would, as a matter of law, have denied the brokers their commissions; but the contrary would seem to follow from the second paragraph of

the opinion.   See Holden v. Starks, 159 Mass. 503, where this precise point seems to be ruled in favor of the broker.

The seventh proposition of law was to this effect:

"If the plaintiff agreed with the defendant to sell his real estate, or trade it for him, and upon so doing was to receive a commission for his services, the defendant had the right at any time, before the sale was completed or exchange made, to withdraw his offer to sell or trade, and plaintiff would not be entitled to commissions for his services."

This proposition is an attempt to enunciate a doctrine which is in direct conflict with the decision in the case of Monroe v. Snow, *supra.*

The court found that appellee had done everything that was required of him to complete the "trades" of appellant's lands.   After that it can make no difference whether appellant did or did not complete the trades, provided, in the latter event, the appellee did not interfere to bring about that result or did not bring about the "trades" in the first instance by fraud, of neither of which circumstances is there any pretense.   Greene v. Hollingshead, 40 Ill. App. 195; Swigart v. Hawley, Id. 610.   The assignment of errors relating to the refusal to hold said propositions to be the law must be held not well taken.

The assignment of error which questions the rendition of the judgment against appellant must be sustained.   Even if appellant, Adkinson and Green agreed to trade, still, before appellee is entitled to recover his commissions, he must show that the purchasers he found were able to make the exchange; and this ability was not proven by the mere production of deeds on their part, without some showing that they also had title to the properties they were willing to deed.   The ability of Adkinson and Green did not depend upon general financial responsibility, but upon their being owners of the lands it was proposed to exchange.   The element of ability is a part of the plaintiff's case.   Pratt v. Hotchkiss, 10 Ill. App. 603; Schmidt v. Keeler, 63 Ill. App. 487; Woolley v. Lowenstein, 83 Hun, 155.

There is no evidence in the record which even remotely

tends to show that the purchasers found were able to convey title to the lands involved in the exchange.

For the error indicated, the judgment of the Circuit Court of Jefferson County is reversed and the cause remanded.

Reversed and remanded.