Fox v. Starr.

## Seymour Fox v. Frank W. Starr.

1. Real Estate Broker — *Entitled to Commissions Where He Makes a Contract for the Sale of Land Void under the Statute of Frauds.*—When a real estate agent makes a verbal contract for the sale of land, void under the statute of frauds, and which his principal refuses to carry out, the agent is nevertheless entitled to his commissions upon showing that the prospective purchaser was able, ready, and willing to comply with his contract.

2. Same—*Authority to Sell Need Not Be in Writing.*—It is not necessary, as between the vendor and his agent, that the latter's authority to sell should be in writing.

3. Contracts—*Where a Tender is Not Necessary.*—Where one party to a contract refuses to comply with its provisions, the other party is thereby excused from going through the form of tendering performance on his part.

4. Variance—*Question Must Be Raised in the Trial Court.*—To raise the question of variance the evidence may be objected to at the time it is offered on that ground, or when the variance becomes apparent the party may move to exclude the evidence or in some other appropriate way raise the question; but whatever mode is adopted the variance should be distinctly pointed out, so as to enable the trial court to pass upon it understandingly and enable the plaintiff to obviate the objection by amendment.

Assumpsit, for commissions. Appeal from the Circuit Court of Boone County; the Hon. Arthur H. Frost, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

Pierce & Huff, attorneys for appellant.

Carnes & Dunton and Carpenter & Appleton, attorneys for appellee.

Mr. Presiding Justice Brown delivered the opinion of the court.

This was an action of assumpsit brought by appellee against appellant, to recover commissions for the sale of farm lands situated in Boone county, Illinois. The trial resulted in a verdict for plaintiff for $347.40. Motions for a new trial and in arrest of judgment having been overruled, the court entered judgment on the verdict and the defendant appealed.

The defendant was the owner of a farm of about 424 acres. The plaintiff procured a purchaser for 240 acres thereof for $17,370. Upon the merits two defenses are interposed. The first is that by the contract the plaintiff was to procure a purchaser for the entire farm of 424 acres or be entitled to no commission. The second is that there was no contract between the defendant and Wallace, the alleged purchaser, for the sale of the 240 acres. The evidence warranted the jury in finding that the plaintiff was authorized by the defendant to sell the entire farm or the 240 acres, and that his commission was to be two per cent; that the plaintiff procured Wallace, the purchaser; that the defendant verbally agreed to sell Wallace the 240 acres at the price above stated; that Wallace was ready, willing and able to carry out the contract at the time fixed for the execution of the conveyance, which was to be two days later; that when said time arrived the defendant refused to comply with his agreement, and sold the land to another party.

It is argued by appellant that the agreement between Wallace and appellant being verbal, it did not constitute a contract, and therefore there was no contract to sell, and for that reason the commission was not earned. This is a misapprehension of the law. When a real estate agent makes a verbal contract for the sale of land, void under the statute of frauds, and which his principal refuses to carry out, the agent is nevertheless entitled to his commissions, upon showing that the prospective purchaser was able, ready, and willing to comply with his contract. Hutten v. Renner, 74 Ill. App. 124. Nor is it necessary, between the vendor and his agent, that the latter's authority to sell should be in writing. As between the vendor and vendee, the authority of the agent of the vendor must be in writing, but the rule goes no further. Monroe v. Snow, 131 Ill. 135. A real estate agent or broker, though only verbally authorized to make a sale of real estate, is entitled to commissions, upon proof of a verbal contract to sell the same upon the terms and conditions given him by his principal, if the prospective purchaser is one ready, willing and able to con-

summate the purchase. Our attention is directed to Parmly v. Head, 33 Ill. App. 134; Wilson v. Mason, 158 Ill. 304; and Lawrence v. Rhodes, 188 Ill. 101; and it is contended that they are in conflict with the views here expressed. An examination of those cases shows that in each instance the sale failed by reason of the refusal of the purchaser to take the property. They are, therefore, not in conflict with the views here expressed. The claim is also made that a tender was necessary on the part of Wallace. Where one party to a contract refuses to comply with its provisions, the other party is thereby excused from going through the idle form of tendering performance on his part. Union National Bank v. Manistee Lumber Co., 43 Ill. App. 525; Manistee Lumber Company v. Union National Bank, 143 Ill. 490; Scott v. Beach, 172 Ill. 273.

It is argued that the judgment should be reversed because of alleged variance between the allegations of the declaration and the proof. No objection was made, upon that ground, to the introduction of the evidence. No motion was made to strike it out. The attention of the trial court was not directed to the subject. The question is raised in this court for the first time. It is too late. To raise the question of variance the evidence may be objected to at the time it is offered on that ground, or when the variance becomes apparent the party may move to exclude the evidence or in some other appropriate way raise the question; but whatever mode is adopted the variance should be distinctly pointed out, so as to enable the trial court to pass upon it understandingly and enable the plaintiff to obviate the objection by amendment. It is not incumbent upon the trial judge to grope through the record in endeavoring to discover a variance, but it is the duty of counsel to point it out and call attention to it specifically, and failing to do so he waives the objection. It is even too late to raise the question upon a motion for a new trial or in arrest of judgment. Libby, McNeill & Libby v. Scherman, 146 Ill. 549; Swift & Co. v. Madden, 165 Ill. 41; Westville Coal Co. v. Schwartz, 177 Ill. 272; Swift & Co. v. Rutkowski, 182 Ill. 18–22; Jacobs v. Marks, 183 Ill. 533.

The court committed no error in passing upon the instructions. What we have already said in regard to the law of the case justifies the action of the trial court in refusing two of appellant's instructions. Appellee offered but one, which was given. While its construction can not be considered a work of art, it announced a principle of law applicable to the case, and when considered in connection with the other given instructions, could not have been misleading. No complaint is made of the action of the court in passing upon the admission of evidence. The verdict was justified by the evidence.

The judgment of the Circuit Court will be affirmed.