## Ira A. Newman v. V. S. Lumley, et al.

### Gen. No. 4,578.

1. REAL ESTATE COMMISSIONS—*when may be recovered.* A real estate agent who has found a person ready, willing and able to buy the property of the owner at the price which he has agreed to accept, is entitled to his commission, notwithstanding no written contract was entered into between the owner and such agent, where the offered purchaser was desirous of taking the land and the failure to sell was because the owner would not complete the contract to which he had verbally agreed.

2. COMMON COUNTS—*when recovery may be had under.* When a plaintiff has completed all that he agreed to do so that he is entitled to the agreed compensation, he may recover under the common counts.

Action of assumpsit. Appeal from the Circuit Court of McHenry County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed March 10, 1906.

J. F. CASEY, for appellant.

C. P. BARNES, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

Lumley, Whiteside and Murphy, real estate agents at Woodstock, brought this suit against Ira A. Newman to recover commissions which they claim defendant agreed to pay them for procuring a purchaser for a farm, of which defendant seems to have been a part owner, in McHenry county. Plaintiffs filed the common counts, and afterwards a bill of particulars under a rule obtained by defendant, and the same was afterwards amended. Defendant filed the general issue. Plaintiffs had a verdict and a judgment against defendant for $189.59, the exact amount due them if they were entitled to recover, and defendant appeals.

Defendant, who resided in Chicago, came to Woodstock

Newman v. Lumley.

and placed his farm with plaintiffs for sale, gave them a price of $55 per acre, and agreed that their commissions should be two and one half per cent. of the selling price. They afterwards brought him and Schuett, a proposed purchaser, together, and there is proof that defendant reduced the price to Schuett to $54 per acre, and so advised plaintiffs. After various efforts plaintiffs got Howell to offer $53 per acre. Lumley testified he communicated this offer to defendant by telephone, and that defendant refused it, but said if they could raise him half a dollar, to cinch the bargain. They then offered to give Howell fifty cents per acre out of their commissions, and he then offered $53.50 per acre for the farm. Plaintiffs then verbally contracted to sell him the farm at that price, and Howell agreed to deposit with them on said bargain whenever they wished it a certificate of deposit he held on the bank for $1000. Lumley testified he told defendant over the telephone that he had sold the farm, and that defendant replied he would be out with the contract and bind the bargain and forward the deed to the heirs to be signed. A few days later defendant sold the farm to another party, and when he came to Woodstock he did not visit plaintiffs, and when Lumley met him, defendant admitted he had sold the farm and said he got more out of it. Defendant admits conversations with Lumley over the telephone, but gives a quite different version of what was said, and denies that he ever authorized plaintiffs to sell at $53.50 per acre. The main question is whether defendant did or did not authorize plaintiffs over the telephone to sell to Howell, if they could get $53.50 per acre. If there were no proof upon that subject but the testimony of Lumley and of defendant, we would not be warranted in saying the jury should have found the other way. There may have been that in the appearance and demeanor of those witnesses while testifying which turned the scale in favor of Lumley's account. But there is other proof tending to corroborate Lumley. Murphy testified defendant told him he had offered the place to Schuett at $54 and that if plaintiffs could get Howell close to that, to let

him, defendant, know. This tended to show an intention to let the farm go at less than $54.

It is argued the proof does not show Howell was able to pay. He agreed to pay $7,583.63. He testified he and his wife were worth about $6,000, $1,000 of which was in bank; that she was with him in the transaction; that he knew where he could make arrangements for the balance of the money; and that he expected to be prepared to pay plaintiffs the cash when the time came. There was other proof his financial condition was good. It is obvious he could borrow at least $3,000 on the farm itself,—indeed there was then a mortgage upon the farm. He could either assume it or put another in its place. Howell soon after bought another farm at $76 per acre. Defendant introduced no proof questioning Howell's ability to pay for the place. The conclusion of the jury on that subject was warranted by the proof.

It is argued plaintiffs could not recover under the common counts. They had found a person ready, willing and able to buy at a price which the jury have found defendant agreed to accept. It was not necessary as between seller and agent that the contract should be in writing, where as here the purchaser was desirous of taking the land, and the failure to sell was because the owner would not complete the contract to which he had verbally agreed. Fox v. Starr, 106 Ill. App., 273. When a plaintiff has completed all he agreed to do, so that he is entitled to the agreed compensation, he may recover under the common counts. Sands v. Potter, 165 Ill., 397, 407. Such commissions were recovered under the common counts in Henry v. Stewart, 85 Ill., App., 170, and 185 Ill., 448; Parmly v. Farrar, 204 Ill., 38, and Springer v. Orr, 82 Ill. App., 558.

We have examined the objections made to the rulings of the court upon the instructions, and find they were not erroneous.

The judgment is affirmed.

*Affirmed.*