# Claude B. Davis, surviving partner, etc., Plaintiff in Error, v. Mrs. Margaretha Pauler, Defendant in Error.

## Gen. No. 16,187.

1. CONTRACTS—*when for exchange of properties binding.* A contract for the exchange of real estate is mutually binding notwithstanding the other party thereto does not hold the legal title to the property agreed to be exchanged by him if such party is in fact the equitable owner of such property.

2. BROKERS AND FACTORS—*what not defense to action to recover real estate commissions.* A party who has agreed to make an exchange of real estate and who has entered into a contract to that effect is not in a position to take advantage of a want of title in the party contracted with to defeat a claim for commissions without showing that he was willing to perform.

Error to the Municipal Court of Chicago; the HON WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at this court at the March term, 1910. Reversed and remanded. Opinion filed May 20, 1912.

GEORGE M. STEVENS, for plaintiffs in error.

JOHN LACE and ODE L. RANKIN, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiffs in error, hereinafter called plaintiffs, began a suit in the Municipal Court of Chicago against the defendant in error, hereinafter called defendant, for the sum of three hundred dollars claimed as commission in a real estate transaction. At the close of the plaintiff's case on the trial, the court of its own motion directed a verdict for the defendant. On the directed verdict the court entered judgment and the plaintiffs sued out this writ of error.

The plaintiffs, licensed real estate brokers in the

city of Chicago, were engaged by the defendant to negotiate an exchange of certain of the defendant's property for certain other specified premises. In pursuance of that employment the plaintiffs entered into negotiations which resulted in the execution of an agreement in writing by the defendant with one John R. Gregory for the exchange of the premises in question. The defendant by the terms of the said contract agreed to convey the premises therein described and owned by her subject to an encumbrance of six thousand dollars. The abstracts of title to the premises to be exchanged were delivered by the respective parties, as provided by the terms of the contract. The premises owned by the defendant were subject to an encumbrance of eight thousand dollars, and subsequent to the execution of the said contract the said defendant conveyed to a third party certain of the said premises described in the said contract by her therein agreed to be conveyed to the said Gregory. She was therefore unable and refused to perform the said contract as by her undertaken, and the deal was not consummated. The plaintiffs thereupon brought this suit for their commissions under the terms of their employment and as agreed by the said defendant to be paid them in said contract.

The defense was that the title to the premises described in said contract to be exchanged and conveyed by the said John R. Gregory was not in him, but in Floie D. Gregory, his wife, and the said contract by reason thereof was not mutually obligatory upon the parties owning the said premises, and therefore there could be no recovery herein, relying on the said rule as announced in Wilson v. Mason, 158 Ill. 304.

The plaintiff's evidence showed, and it was admitted by them, that the legal title to the said premises agreed to be conveyed by said John R. Gregory was in the said Floie D. Gregory, but claimed that the equitable title to said premises was in John R. Gregory and offered to

so prove, and also offered to prove that the said John R. Gregory was, and had been at all times since entering into the said contract of exchange, able, ready and willing to convey the said premises pursuant to the terms provided in said contract. This evidence the court excluded.

In Kuhn v. Eppstein, 219 Ill. 154, the court held that a contract executed by the real equitable owner of the premises was mutually obligatory on the parties thereto, and if he had a right to make the contract, the holder of the legal title was not a necessary party thereto in order to make the contract mutually obligatory on the parties executing the same. It is argued by the defendant that the case of Kuhn v. Eppstein is not in point for the reason that in the case at bar Mrs. Gregory had a dower right and therefore an interest in the property. That may be; but there being no proof thereof, it is only an inference. If the evidence offered by the plaintiffs had been admitted, as it should have been, the plaintiffs might have established their contention, and if so, the authority of Kuhn v. Eppstein would govern.

The plaintiffs further insist that it was error to exclude the evidence that the said John R. Gregory was able, ready and willing to perform his contract as therein provided, for upon such proof, with all the other facts and circumstances of the case at bar, the plaintiffs would be entitled to recover, even if the contract between the parties for the exchange of properties be not shown to be mutually obligatory on the parties owning said premises.

On a careful consideration of the case of Wilson v. Mason, *supra,* in connection with the report of the same in 57 Ill. App. 325, it will be seen that the court found that the agreement between the broker, Wilson, and the defendants, Mason et al., was that if the broker's proposed customer took the premises in question and paid cash for the equity, the broker would be paid

a commission. A written contract was entered into by Mason et al., the owners of the premises, with the executors of an estate, the proposed purchasers furnished by the broker, Wilson. The said executors subsequently refused to consummate the deal upon the ground that Mason et al. could not convey a good title, when in fact the title was not subject to the objection made by the said executors, and was so determined subsequently in McCampbell v. Mason, 151 Ill. 500. Mason et al. were not able to compel the said executors to take the premises as provided in the said contract, because it was not mutually obligatory on the parties thereto. The deal therefore failed of consummation, because the purchasers furnished by the broker, Wilson, refused to perform their contract, and without Mason's fault. Under these circumstances the court held that the broker's agreement provided for a sale of the premises to entitle him to commissions; and without the owner's fault no sale having been made and no enforcible contract of sale having been entered into, the broker had not performed his agreement and no commissions could be recovered. The same rule was announced in Lawrence v. Rhodes, 188 Ill. 96.

In Oliver v. Sattler, 233 Ill. 536, the court said: "To entitle appellants (the brokers) to recover, it was necessary for them to prove that they produced, within the time limited by the authority, a purchaser upon the terms therein stated. If they had done that and appellee refused to perform the contract, their right to commissions would not be defeated, but if they had not done that, there was no liability for commissions, because they had not done what they undertook to do. It was incumbent upon them to show that the purchaser was ready, willing and able to perform the contract, and that it was in accordance with the authority given and the terms prescribed," citing the Wilson case.

In Fox v. Ryan, 240 Ill. 391, the court approved the rule as announced in Wilson v. Mason, *supra,* and also

said: "Where a broker is employed to sell property by the owner, if he produces a purchaser within the time limited by his authority, who is ready, willing and able to purchase the property upon the terms proposed by the seller, he is entitled to his commissions, even though the seller refuses to perform the contract on his part. In such case, however, it is necessary for the broker to prove the readiness, willingness and ability of the purchaser to take the property on the terms proposed." In Hersher v. Wells, 103 Ill. App. 418, the court said: "If appellants in the Wilson case, in addition to the written contract, which the court declared to be void as being within the statute of frauds, had been able to show that the purchasers found were willing, ready and able to take the property, irrespective of the void written agreements, there is nothing in the reasoning of that case which leads us to believe that the court would, as a matter of law, have denied the brokers their commissions; but the contrary would seem to follow from the second paragraph of the opinion." In Scott v. Stuart, 115 Ill. App. 535, the court, speaking through Mr. Justice Vickers, now of the Supreme Court, said: "The cases of Wilson v. Mason, 158 Ill. 304, and Lawrence v. Rhodes, 188 Ill. 101, relied upon by appellee, are distinguishable from the case at bar in this, that in those cases the sale failed because the purchaser refused to go on with the deal, and there being no enforceable contract binding him, the vendor lost, without his fault, the benefit of the sale, and hence was released from the payment of commission. Here, as we have seen, it may be found that the sale failed owing to the default of appellee, and if so, the rule announced in the Wilson and Lawrence cases does not apply." To the same effect is Schulte v. Meehan, 133 Ill. App. 491.

If the agreement between the parties to this case was that the plaintiff should effect an exchange of the said premises, and without fault of the defendant the said Gregory refused to carry out the said contract of ex-

change, and the same was not mutually obligatory upon the parties thereto, the case would come within the rule announced in the Wilson case, and there could be no recovery. However, such is not the case at bar.

A real estate broker, to maintain a suit for commissions, must base the action upon a contract, express or implied. The plaintiffs here relied upon an express contract. They produced a purchaser who was accepted by the defendant and with whom she entered into a contract. She was not bound to accept the same without a reasonable opportunity to enquire and satisfy herself as to same,—Greene v. Hollingshead, 40 Ill. App. 195—and she is therefore not in a position to take advantage of a want of title in the party whom she accepted and entered into a contract with, in order to defeat the plaintiffs' claim for commission, unless she first shows that she was ready to perform the said contract of exchange on her part, as therein by her agreed.

We are of the opinion, under the facts presented, the court should have admitted the evidence offered by the plaintiffs, and if proof had been made as offered, that the said John R. Gregory was able, ready and willing to perform the said contract of exchange as therein on his part provided, even though the said contract was not mutually obligatory on the parties owning the premises to be exchanged, the plaintiffs would make out their case.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*