**Al Gronek and Theresa Gronek, Plaintiffs-Appellants, v. Norbert Neuman, Defendant-Appellee.**

Gen. No. 49,402.

First District, First Division.

August 31, 1964.

Edward L. Stepnowski, of Chicago, for appellants.

James A. Geraghty, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This case is before the court upon an appeal from an order striking plaintiffs' second amended statement of claim and dismissing the suit. As stated in their amended complaint, plaintiffs seek to recover a month's rent or damages because of the failure of the defendant-tenant to permit them to show the premises to prospective tenants after notice was given by the defendant that he would vacate the premises in thirty days.

On October 1, 1962, defendant, Norbert Neuman, notified his landlords, Al Gronek and Theresa Gronek, plaintiffs, that he was terminating his month-to-month tenancy on October 31, 1962. There is no contention by plaintiffs that this notice was inadequate or that the defendant was not within his rights to terminate this month-to-month tenancy by service of a thirty-day notice.

The defendant, in his brief, concedes that one of the apparent purposes of a notice to terminate the tenancy is to enable the landlord to find a new tenant. He argues, however, that plaintiffs did not allege any "positive acts" upon his part to prevent the landlords from finding a new tenant. In addition, he contends that the defendant's refusal to allow plaintiffs to show his apartment to prospective tenants was wholly within his common law rights as a tenant.

No cases cited by counsel are precisely in point and after considerable research we have been unable to find a parallel case. There are, however, certain guidelines which direct us to the decision which we reach.

██ ██ For many years the law of this State has been that a party to a month-to-month tenancy must give one-month notice of his intention to terminate the tenancy. Prickett v. Ritter, 16 Ill 96; Eberlein v. Abel, 10 Ill App 626; Bedell v. Clark, 151 Ill App 419. This is judge made law developed to meet social need. It was considered unjust for a landlord to terminate a periodic tenancy without notice, thus forcing his tenant into a hasty vacation of the premises. As for the necessity of the tenant to give notice, thus allowing the landlord to seek a new lessee, it was evidently concluded in the instant case that such a thirty-day notice was required as was shown by the fact that the tenant gave such notice. In order for

252

the landlord to successfully find a new tenant he must be able to advertise and exhibit the premises to prospective lessees. We feel that the month's notice the law requires would be a meaningless protection, in terms of the lessor, if it did not carry with it the right to reasonably exhibit the premises during that period. Were this not the case, the landlord would suffer a month's loss in rental since no one would rent the property without the right to first examine the premises.

There are numerous cases which hold that a landlord's invasion of the tenant's right of possession constitutes a trespass for which the landlord is liable. 51 CJS Landlord and Tenant, sec 319. These cases, however, concern themselves with one or another type of senseless intrusion by the lessor into the peaceful possession of his lessee. In the case at bar, the lessors asked for a right to enter the premises during the acknowledged last month of the tenancy solely for the purpose of preventing a wasteful break in the rental of the property. We cannot conceive of substantial interference with the tenant's enjoyment of the premises by his cooperation in permitting the premises to be shown at his convenience.

 We think an action at law lies for the breach by a tenant of his duty. The burden is on the landlord, however, to prove that the tenant unreasonably refused to permit the landlord to have prospective tenants view the premises. This is the issue to be determined by the trier of the facts. The maximum loss to the landlord would be the rental for the month of November, "if the landlord suffered such a loss."

For the reasons indicated, we are of the opinion that the trial court erred in dismissing the amended complaint and entering judgment for the defendant. Accordingly, its judgment order is reversed and the cause

253

remanded for trial, with direction that defendant answer, and for such further proceedings as may be consistent with the views herein expressed.

Reversed and remanded with directions.

KLUCZYNSKI, J., concurring.

MURPHY, P. J., dissenting:
Absent any allegation of an agreement, oral or written, whereby the defendant tenant agreed to permit plaintiffs to show the demised premises to prospective tenants, I believe the order of the trial court should be affirmed.

A tenant under a valid lease, oral or written, is entitled to exclusive possession of the premises against the whole world, including the owner. The tenant is under no obligation to permit the lessor to disturb his possession, enjoyment, and use during his tenancy, by showing the premises to prospective tenants after notice given by the tenant that he would vacate the premises within a given period of time. 51 CJS Landlord and Tenant, §§ 308, 311.