MICHAEL KACHIGIAN, Plaintiff-Appellee, *v.* HOWARD MINN, Defendant-Appellant.

(No. 59629; ▇▇▇▇▇▇▇▇▇

First District (4th Division)—October 9, 1974.

Melvin B. Lewis, of Chicago, for appellant.

Wisch and Dyer, of Chicago (Dinah B. Dyer, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The action was commenced when plaintiff, Kachigian, sought a declaratory judgment to establish the rights and liabilities of the parties hereto with respect to the oral lease of an office in defendant's suite at 35 East Wacker Drive, Chicago, Illinois. The complaint requested a declaration as to the amount owing by plaintiff to defendant for the costs of rentals and services incurred in the operation of a law office. Defendant answered and counterclaimed for collection of the disputed claim. Summary judgment was entered on plaintiff's motion, adjudging the claim by defendant for rental for the period following January 31, 1972, to be barred by the Statute of Frauds. Defendant appeals from that judgment, and raises the issue of whether defendant's claim against the plaintiff for rent and other expenses for the period subsequent to January 31, 1972, is barred by the Statute of Frauds.

The parties are lawyers who occupied adjoining suites in a building located at 30 North LaSalle Street in Chicago. In 1971, the tenants were notified that the building would be demolished, and that they would be required to terminate their tenancies by vacating the building. Consequently, Kachigian and Minn discussed the possibilities of moving into the same suite. Minn initiated a search for suitable office space which resulted in the discovery of a large office at 35 East Wacker Drive. Kachigian approved the new location so Minn entered into a lease with the building management that was to run from September 1, 1971, until January 31, 1977.

Kachigian desired to have a particular office arrangement and he con-

sulted with a construction engineer employed by one of his clients to redesign the layout of the suite. An architect was engaged to prepare plans in accordance with the engineer's design which required major construction work. The suite was designed to comply with plaintiff's request and resulted in remodeling costs of $8000, of which plaintiff agreed to pay one-fifth.

During September 1971, the parties moved into the Wacker Drive quarters, and Minn caused Kachigian's furniture to be moved to that address. On October 8, 1971, the plaintiff paid the defendant $900, and on November 8, 1971, the plaintiff paid the defendant $1000. There was disagreement between the litigants as to the allocation of these payments. Plaintiff moved out of the suite shortly after December 1, 1971, without tendering to defendant a 30-day notice. Minn has advertised for a new occupant for the vacated suite without success.

In March 1972, Kachigian commenced a declaratory judgment action. Minn answered, denying Kachigian's significant factual allegations, and counterclaimed for the sum of $450 per month for the period during which Kachigian's office stood vacant and for the accrued charges of $5131.80 plus costs and interest. Kachigian answered, denying Minn's factual allegations and alleged that Minn's claim was unenforceable under the Statute of Frauds. Minn replied to plaintiff's answer to the counterclaim and denied Kachigian's factual averments. Kachigian moved for summary judgment, invoking the Statute of Frauds on the grounds that no written agreement existed between plaintiff and defendant. Minn moved to strike plaintiff's motion on the grounds that the record showed that his agreement had been performed in full, and filed an alternative answer to the motion setting up the facts of the transaction.

■■ The first question to be resolved is whether the parol agreement between the parties is enforceable for the period subsequent to December 1971 when Kachigian moved. The Statute of Frauds (Ill. Rev. Stat. 1973, ch. 59, sec. 1, par. 1) provides in its pertinent part:

> "That no action shall be brought * * * upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."

The law is clear that unless the terms of an oral lease agreement can be completely fulfilled within 1 year from the date of its making, it falls within the prohibition of section 1 of the Statute of Frauds. *Luster v.*

*Estate of Cohon* (1973), 11 Ill.App.3d 608, 297 N.E.2d 335 (abstract opinion).

The parol agreement in the instant case was an agreement whereby Minn would rent to Kachigian an office suite for $450 per month, ending January 31, 1977. It is clear from the facts that the parol agreement involved in this controversy is within the purview of section 1 of the Statute of Frauds, since it was an oral agreement that could not be performed within the space of 1 year. Therefore, we conclude that the trial court was correct in holding the agreement unenforceable because it violates the prohibitions specifically delineated in section 1 of the Statute of Frauds.

■■■ It has been held where a parol lease is made, fixing the amount of rent and the time of its payment, and fixing the term at a greater period than 1 year, it is clearly within the Statute of Frauds; and the tenant entering under such voidable contract and paying rent at the sum fixed by the contract, becomes a tenant from month to month. (*Marr v. Ray* (1894), 151 Ill. 340, 344, 37 N.E. 1029, 1030, 24 I.L.P. *Landlord and Tenant* § 68 (1966).) The facts are uncontroverted that the parties in the instant case entered into a parol agreement, and that Minn was the sole signatory on the lease with the building management. Pursuant to the oral agreement between the litigants, Kachigian, the tenant, paid rent on a monthly basis. Therefore, we hold, affirming the trial court, that Kachigian was a month-to-month tenant and, as such, is liable for rent for the period he occupied the office suite.

■■ The next issue to be considered is the question of notice. For many years the law of this state has been that a month-to-month tenant must give a 1-month notice of his intention to terminate the tenancy. (*Gronek v. Neuman* (1964), 52 Ill.App.2d 250, 252, 201 N.E.2d 617, 618.) In the case at bar, the appellee terminated his tenancy in December, without tendering to his lessor, Minn, the required 30-day notice evidencing his intention to quit. We think the lessee breached his duty by failing to tender the required 30-day notice. Consequently, we affirm the trial court's holding Kachigian liable for $450 rent for the month of January 1972.

The appellant cites *Fox v. Starr* (1903), 106 Ill.App. 273, and argues that his claim is not barred by the Statute of Frauds because he was not Kachigian's lessor. We disagree with the appellant's argument that he was not the appellee's lessor. Furthermore, we think that *Starr* is inapposite to the instant fact situation since it involved a broker's commission.

Next, the appellant urges that he signed the lease on Kachigian's behalf. Then he argues that the Statute of Frauds can be invoked against

the building management, but not the appellant. He cites *Newman v. Lumley* (1906), 125 Ill.App. 382. We do not find *Lumley* to be controlling in this case.

Finally, the appellant submits that *Hindle v. Dillbeck* (1971), 1 Ill. App.3d 1021, 274 N.E.2d 594; *Lumbermens Mutual Casualty Co. v. Poths* (1968), 104 Ill.App.2d 80, 243 N.E.2d 40; and *Scharf v. Waters* (1946), 328 Ill.App. 525, 66 N.E.2d 499, are controlling and that summary judgment was improper here. We disagree and affirm the decision of the trial court, holding that summary judgment was proper in this case since there were no material issues of fact to be resolved.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

ADESKO, P. J., and DIERINGER, J., concur.