JOHN CHRISTENSEN, Plaintiff in Error, *vs.* CLARA CHRISTENSEN *et al.* Defendants in Error.

*Opinion filed October 16, 1914.*

1. STATUTE OF FRAUDS—*what is necessary to take oral contract out of the Statute of Frauds.* To take an oral contract relating to land out of the Statute of Frauds by part performance the contract and its terms must be established by clear and unequivocal evidence, and the acts relied upon as part performance must have been done under the contract itself and for the sole purpose of performing it.

2. SAME—*acts of part performance must refer exclusively to the contract.* Acts of part performance relied upon to take an oral contract relating to land out of the Statute of Frauds must refer exclusively to the contract, and be such as cannot be explained consistently with any other contract than the one alleged and such as would not have been performed but for the contract. .

3. SAME—*possession must be taken under the contract.* To take an oral contract relating to land out of the Statute of Frauds possession must be taken under the contract, and it is not sufficient that the alleged vendee was previously in possession.

4. TRUSTS—*when no resulting trust exists in favor of husband.* No resulting trust in favor of the husband exists in land conveyed to his wife, where he neither paid anything nor became liable to pay anything on the purchase price.

WRIT OF ERROR to the Circuit Court of DeKalb county; the Hon. MAZZINI SLUSSER, Judge, presiding.

JONES & ROGERS, for plaintiff in error.

A. W. FISK, and H. W. McEWEN, for defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

John Christensen, plaintiff in error, filed his bill in this case in the circuit court of DeKalb county against Clara Christensen, his wife, and Clara Kraus Sloan, defendants in error, alleging that he was the owner of a homestead estate, an estate for life and an undivided half of the fee of lot 8. in block 36, in the city of DeKalb, and praying the court to declare his title accordingly, to take an account of the rents and profits of his interest in the lot obtained by Clara Christensen since she excluded him from the premises, to require her to convey an undivided one-half of the premises to him, to decree to him a homestead estate therein and to require her to pay over to him the rents and profits so received by her. The defendant Clara Kraus Sloan was the owner of a mortgage executed by both Clara Christensen and John Christensen, and its validity was not disputed. The court heard the cause on exceptions to the report of a special master, who recommended that the bill be dismissed for want of equity. The exceptions were overruled and the amended bill dismissed.

The evidence in the case was to the following effect: On May 9, 1884, Maria Spicer, owner of the lot, and Robert Spicer, her husband, entered into a contract with William Thackham by which they agreed to convey the lot in fee simple, by warranty deed, for a consideration of $200, payable by William Thackham as therein specified. Possession was taken by virtue of the contract, and Amelia Thackham, mother of William Thackham, resided on the lot with her children in a small one-story house containing three rooms. On October 3, 1885, the complainant, John Christensen, married Amelia Thackham and went to live

with her in the house on the premises. On September 4, 1886, Maria Spicer (then Maria Brady) and James Brady (who was then her husband) conveyed the lot to William Thackham in pursuance of the articles of agreement. There was a controversy as to whether there was a subsequent contract between William Thackham and the complainant. According to the testimony of the complainant he entered into an arrangement with William Thackham a year or two after the marriage and while he was living on the premises with his wife, by which it was agreed that if the complainant would put a house upon the premises he should have the life use of them. It was agreed that William Thackham, if present at the hearing, would testify that no such agreement was made. If the agreement was made it was several years afterward, before any building was placed on the premises by the complainant or anything was done under the contract. In 1892 or 1893 the complainant sold the old one-story house for a trifling sum and purchased an unfinished story-and-a-half building and moved it onto the lot. He finished the house sufficiently to make it habitable and claimed that he had expended $1200 or $1300 in improving the premises. William Thackham mortgaged the premises to Joseph Glidden for $50 and the complainant paid that mortgage. Including that payment he proved expenditures by him amounting to $720.50, but these improvements were made as much as six years after the alleged agreement with William Thackham, during which time the complainant was living on the premises with his wife. He continued to occupy the premises with his wife until July 2, 1898, when she died, and he continued to live there until February, 1903. After the death of his wife he had possession, and he married the defendant Clara Christensen on October 30, 1899, and they lived on the premises from that time until she drove him away. The complainant had assumed to be the owner of the premises and never paid any rent, and William Thack-

ham, who held the legal title, never made any demands up-
on him. In 1902 the defendant Clara Christensen learned
that the legal title was in William Thackham, and there
were negotiations for a purchase from him. He proposed
to make a deed for $800, and the complainant testified that
the deed was to be made to him and his wife, Clara Chris-
tensen, and each was to be the owner of an undivided
one-half. Neither of them had any means to pay for the
property, and the money was borrowed from Clara Kraus
Sloan, a daughter of Clara Christensen born during one
of her former marriages. William Thackham, with his
wife, conveyed the premises to Clara Christensen on Octo-
ber 23, 1902, and John Christensen and Clara Christensen
executed their mortgage to Clara Kraus Sloan to secure a
note signed by Clara Christensen alone, for $800 and in-
terest. On February 3, 1903, Clara Christensen filed her
bill against John Christensen for a divorce and obtained
an injunction restraining him from interfering in any way
with the property. The bill was afterward dismissed, on
motion of Clara Christensen, without prejudice. She tes-
tified that there was no agreement for a conveyance to
the parties jointly; that she had supposed he owned the
property, and when she found he did not she bought it
herself; that he said he was unable to pay anything, and,
in fact, paid nothing, and that the whole purchase money
was borrowed from her daughter on the mortgage. Clara
Christensen improved the property and rented it for sa-
loon purposes for $55 a month for one year, and after
that for from $35 to $50 a month.

The contracts which complainant claimed were made
between him and William Thackham and the defendant
Clara Christensen were both oral, and if they were, in
fact, made as claimed, they were subject to the defense
of the Statute of Frauds unless facts were proved which
would take them out of the operation of the statute. Such
a contract may be taken out of the Statute of Frauds by

such part performance as would make it a fraud to permit the defense to be interposed against the obligation assumed, but there are certain conditions which the courts have always insisted must exist and be proved. One is, that the contract and its terms must be established by clear and unequivocal evidence. In *Langston* v. *Bates,* 84 Ill. 524, the court quoted from Story, (vol. 2, sec. 764,) as follows: "A court of equity ought not to act upon conjectures, and one of the most important objects of the statute was to prevent the introduction of loose and indeterminate proofs of what ought to be established by solemn, written contracts." That rule has been repeated in numerous cases, among which are *Morrison* v. *Herrick,* 130 Ill. 631, *Standard* v. *Standard,* 223 id. 255, and *Casstevens* v. *Casstevens,* 227 id. 547. Another rule is, that the acts relied on as part performance must have been done under the contract itself and for the sole purpose of performing it, and it is a well established rule that possession must be taken under the contract and lasting and valuable improvements be made by the vendee. The acts of part performance must refer exclusively to the contract, and be such as cannot be explained consistently with any other contract than the one alleged and be such as would not have been performed but for the contract. (*Wood* v. *Thornly,* 58 Ill. 464; *Shovers* v. *Warrick,* 152 id. 355.) As possession must be taken under the contract it is not sufficient that the party was previously in possession, but it must affirmatively appear that he got possession under the agreement relied on and in part performance of the same. There was evidence that the property was worth much more than the $800 which William Thackham asked for a deed, and the complainant had expended a considerable sum on the lot in comparison with its former value. William Thackham had permitted the complainant to occupy the premises without any payment of rent for a con-

siderable period after the death of the first wife, and the evidence justifies the conclusion that he intended to do so as long as he owned the premises, during the lifetime of the complainant. If we assume that the agreement with William Thackham was made as claimed, there was no proof that possession was taken under or in pursuance of the contract, so that the contract was not taken out of the statute and cannot be enforced. The possession of the complainant was referable, not to such a contract but to the possession of the wife, Amelia, who had been in possession under the contract of purchase from Maria Spicer, and there was no change in possession until her death, many years after the contract was alleged to have been made. We must be governed by our conclusion as to whether there was any legal obligation to permit the complainant to occupy the premises during his lifetime, and under the rules of law the proof was not sufficient to show such an obligation.

The alleged contract with the defendant Clara Christensen was denied by her, and the entire purchase money was borrowed from her daughter, the defendant Clara Kraus Sloan, upon the individual note of Clara Christensen, secured by the mortgage. There was no evidence that complainant disclosed to his wife, when she bought the property, that he had or claimed to have any interest in the premises, and we do not regard the alleged contract as proved. As he neither paid anything nor became liable to pay anything on the purchase price there was no resulting trust, and we are satisfied with the conclusion of the circuit court.

The decree is affirmed.                    *Decree affirmed.*