(No. 20079.—

GEORGE BAKAITIS, Appellant, *vs.* ANNA FINK, Appellee.

*Opinion filed June 20, 1930—Rehearing denied October 14, 1930.*

HAROLD O. MULKS, and A. G. DICUS, for appellant.

JOHN F. O'CONNELL, and EINAR C. HOWARD, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant on July 29, 1929, filed a bill in the circuit court of Cook county seeking specific performance of an alleged agreement to convey real estate. A plea of for-

mer adjudication of appellant's rights in a forcible detainer action was filed by appellee. Appellant filed a demurrer to the plea, which was overruled, and, abiding his demurrer, the court dismissed the bill.

Appellant seeks review of the decree on the ground that his rights under the bill filed were purely equitable while his defenses under the forcible detainer action were legal; that he therefore could not assert his equitable rights in the forcible detainer action, and his rights under the bill were not affected by the judgment in the forcible detainer case.

The bill alleges that on the third day of July, 1923, appellee leased the premises here involved to appellant for a term of years ending June 30, 1929, at a total rental of $3097, to be paid at the rate of $43 per month, and that the lease contained the following clause: "As a consideration for the execution of this lease, an option is hereby granted to the lessee herein to purchase the premises herein described at the price of $4750, terms $1500 cash and balance within five years, at six per cent." The bill alleges compliance with the terms of the lease as to rentals, and asserts that appellant was in possession of the premises from the date of the lease until the filing of his bill and had expended large sums of money for improvements thereon. It is also alleged that on September 21, 1926, appellant tendered to appellee the sum of $1500 cash and offered to sign a mortgage on the premises for $3250, with interest, but that appellee declined to sell at that time, and that on June 26, 1929, four days before the expiration of the lease, appellant tendered to appellee the sum of $4750 in cash and demanded a deed. The usual allegations of willingness and ability to comply with the terms of the option are contained in the bill. On August 13, 1929, appellant filed an amendment to his bill, alleging that on July 3, 1929, appellee brought a forcible detainer suit against him in the municipal court of Chicago to secure possession of the land,

and on July 12 following, secured judgment against him for possession thereof. The bill as amended prayed an injunction restraining a writ of restitution on the judgment entered in the forcible detainer action. The chancellor issued an injunction as prayed, on appellant filing a bond within five days, which was filed. On October 29, 1929, appellee filed a verified plea, setting out that on July 3, 1929, she filed a forcible detainer complaint in the municipal court to secure possession of the premises, alleging that appellant unlawfully withheld possession thereof; that on July 12, 1929, witnesses were heard for both parties, the lease between the parties was introduced in evidence, and the municipal court entered a judgment finding that appellant had at most, under his option, five years in which to exercise the same; that the option was not so exercised and that appellant was unlawfully withholding possession, and entered judgment for appellee. Appellant's demurrer to this plea was overruled, and, abiding same, his bill was dismissed for want of equity.

Appellant's counsel concede the rule to be that a judgment or decree of a court of competent jurisdiction is conclusive between the parties not only as to issues and defenses presented or raised and passed upon by the court, but also as to all issues and defenses that could have been presented, but contend that appellant's right, under the option, to purchase being an equitable defense, could not have been asserted in the forcible detainer action, and that for this reason that right could not properly be adjudicated in that action. Appellant's counsel argue that the action for forcible detainer being purely statutory and for the sole purpose of securing possession, is based on strictly legal rights, and his equitable defense thereto could not be urged. Appellee contends that the judgment of the municipal court in the forcible detainer action is *res judicata* of the rights of appellant to specific performance.

Appellant relies on *Hunter* v. *Silvers,* 15 Ill. 174, where an action of forcible detainer was brought against a tenant holding over after expiration of a lease containing an option for renewal. It was in that case held that an option for renewal of a lease or to purchase the premises could not be asserted as a defense to an action to recover possession of the premises, brought after the expiration of the term of the lease. That decision was based on the forcible entry and detainer statute as it then provided, which was, that a person holding over after the termination of the period for which the property was demised to him, and after demand in writing for possession by the person entitled to such possession, should be adjudged guilty of forcible entry and detainer or forcible detainer, as the case might be. (Rev. Stat. 1845, sec. 1, p. 256.) In 1874 that statute was revised, and as now in force provides that one entitled to possession of premises may be restored to such possession: "Fourth—when any lessee of the lands or tenements, or any person holding under him, holds possession without right after the determination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit or otherwise." (Smith's Stat. 1929, p. 1537.) This revision altered the statute so that forcible detainer may not be adjudged against a tenant holding over after the expiration of the terms of the lease unless it also be that he holds possession without right. *Fuchs* v. *Peterson,* 315 Ill. 370.

The lease is not set out in the bill or plea further than we have indicated. It may be assumed, however, that it contained the usual provisions for surrendering possession of the premises at the expiration of the term. The forcible detainer case was filed in the municipal court after the lease had by its terms expired. Appellant's defense was therefore, necessarily, that he was not withholding possession without right. That was the issue to be determined by the court in that case. It is apparent from the bill herein and the pleas thereto filed, that the only color of right claimed

by appellant is that arising under the option clause of the lease. The plea recites that evidence was heard, and though the plea is not full in the statement of facts, it is apparent from it that the question of the rights of appellant under the option clause of the lease was presented and decided, the municipal court holding that under the terms of the option clause appellant had but five years in which to elect to exercise the option and that he did not so elect during such period. If on June 26, 1929, appellant was still entitled to exercise the option to purchase and did so by tendering to appellee the purchase price, or if such option was, as alleged in his bill, exercised on September 1, 1926, the unilateral option contract, by the proper exercise of the option, became a bilateral contract to purchase, and under it appellant was in a position to compel a conveyance through his bill for specific performance, as he under such circumstances would be considered the holder of the equitable title to the premises. (*Budelman* v. *American Ins. Co.* 297 Ill. 222; *Gall* v. *Stoll,* 259 id. 174; *Chappell* v. *McKnight,* 108 id. 570; Bispham's Equity, sec. 365.) Under such a state of proof appellant would be holding not as tenant but as vendee and his possession of the premises would be rightful. (*Mahannah* v. *Mahannah,* 292 Ill. 133; *Sands* v. *Kagey,* 150 id. 109; *Fleming* v. *Carter,* 70 id. 286.) Appellant, therefore, under such a state of facts would have had a complete defense to the action of forcible detainer. (*Fuchs* v. *Peterson, supra; Hutchinson* v. *Coonley,* 209 Ill. 437; *Sands* v. *Kagey, supra; Stow* v. *Russell,* 36 Ill. 18.) It is apparent from appellee's plea that appellant in the forcible detainer action sought to prove his rights as such vendee, but that issue was found against him. Even though he had not made that defense he nevertheless could have done so, and the finding and judgment in that case was *res judicata* of the rights of appellant to exercise the option to purchase the premises.

The decree of the circuit court is affirmed.

*Decree affirmed.*