**Hyman Meyer, Appellee, v. William Surkin, Appellant.**

**Gen. No. 34,670.**

Opinion filed May 19, 1931.

MAX C. LISS, for appellant; FRANK JOHNSTON, JR., of counsel.

GALLAGHER, SHULMAN & ABRAMS, for appellee; MEYER ABRAMS, of counsel.

MR. JUSTICE KERNER delivered the opinion of the court.

On September 2, 1927, Hyman Meyer, complainant, filed a bill against William Surkin, defendant, to enjoin Surkin from enforcing a judgment in forcible detainer obtained by Surkin in the municipal court of Chicago, and that Surkin be decreed to execute a lease. After issues joined the cause was referred to a master to take the testimony and report his conclusions of law and fact. The master filed his report, in which he recommended that the court decree that the lease executed by Nicholas Butler, by William F. Butler, as his agent, is binding upon Surkin; that Surkin be

enjoined from enforcing the judgment and that the lease remain in force and effect. Objections to the report were ordered to stand as exceptions. There was a hearing on the exceptions, which were overruled, and on May 26, 1930, the court entered the decree appealed from.

By the decree the chancellor found *inter alia,* that on July 3, 1920, the complainant entered into a written lease with one Nicholas Butler in which Nicholas Butler demised to Meyer the store and flat upstairs in the building at No. 1300 South Kedzie Avenue, for a term beginning August 1, 1920, and ending April 30, 1922, rental $70 a month, with an option to renew the lease for a period of five years; that on January 9, 1922, a new lease was executed by Nicholas Butler, per William F. Butler, agent, as lessor, and the complainant as lessee, in which Nicholas Butler demised the store, *rear four rooms* and flat upstairs, in the same premises above described, for a term beginning May 1, 1922, and ending April 30, 1927, rental $85 per month; that in said lease it was provided that the lessee had the right to assign his lease *on,* or sublet, said premises, without the consent of the lessor, at the same rental and terms therein provided; and had the right to make physical changes, provided the changes would improve the premises, the alterations and additions to remain for the benefit of the lessor; and the lessee had an option to renew the lease upon its expiration for a period of five years; that William F. Butler is the son of Nicholas Butler; that Nicholas Butler died in February, 1922, testate, his will being admitted to probate by the probate court of Cook county, on March 27, 1922; that under the will William F. Butler as devisee acquired the title to the real estate described in the lease, and that during Nicholas Butler's lifetime and after his death William F. Butler collected the rent; that on July 18, 1922, the rear four rooms were not

connected with the store, the water pipes were leaking, the rear flat had wooden walls and no plaster; that for the purpose of connecting the four-room flat with the store the complainant built a hallway, tore out all partitions and walls, and plastered and built a brick wall on the south side of the building; that he cut through the stairway and removed certain pipes and rebuilt the water and gas connections and installed new basins, washtubs, air vents and bathrooms; that he removed the old plumbing and replaced it with new, made new partitions and walls in the rear four rooms and plastered the walls and ceilings; he repaired the five rooms above the store by installing electric wiring and plastered the walls, and installed new plumbing and fixtures, and repaired the sewer and installed two furnaces; for these improvements he testified he expended $4,500 and has produced bills showing the expenditure of $2,700; that complainant continued in possession of the premises by his subtenant and paid a monthly rental of $85 to William F. Butler until about September 1, 1925, when William F. Butler sold and conveyed the premises and assigned the lease to Ben S. Goldman, Bertha Goldman, Morris Weller and Rae Weller; that on June 26, 1926, the Goldmans and Wellers conveyed the premises to the West Side Trust & Savings Bank, as trustee, and the bank, as trustee, on October 15, 1926, conveyed the premises to the defendant Surkin, pursuant to an agreement in writing whereby Surkin purchased the property subject to the lease in this cause, expiring April 30, 1927, at a rental of $85 a month, with an option to April 30, 1932; that prior to the time Surkin acquired the title complainant sublet the store and four-room flat in the rear at a rental of $200 a month by a lease which expired April 30, 1927; that in April, 1927, complainant notified Surkin that he had elected to renew the lease for a period of five years; that after Surkin acquired title he refused to

accept the rent from complainant and on December 29, 1926, served notice upon him that his lease would be terminated on April 28, 1927, and on March 7, 1927, filed a suit in the municipal court of Chicago for forcible entry and detainer against complainant as defendant for possession of the premises; that Surkin claimed in the municipal court that the lease was void, because it was signed by the agent of the lessor without written authority from his principal; that complainant Meyer attempted to prove in those proceedings that he was in possession, and that he had made improvements, but the municipal court held that said defense was not available in an action at law and on April 9, 1927, entered a judgment for possession; that subsequent to the entry of said judgment of the municipal court, Meyer and Surkin entered into a stipulation that pending the disposition of a bill in equity to restrain the forcible entry and detainer suit, Max C. Liss, Surkin's attorney, was to collect the rents from the subtenants in possession of the premises at the rate of $200 a month and pay to Surkin $85 a month and retain the balance until the disposition of the bill in equity, then to turn over the funds in accordance with the final termination of the case; that complainant was in possession at the time the improvements before stated were made by him, and they were made with the written consent of the lessor and pursuant to the terms of the lease which authorized the same, that they were substantial and enhanced the value of the property and at the expiration of the lease become the property of the lessor, and that defendant is estopped to contest the validity of the lease; that the improvements coupled with the possession of the premises by the complainant, constitute such part performance as will justify a court of equity to enforce the lease; that the judgment of the municipal court does not constitute *res adjudicata* because the defense of making the

improvements, possession and payment of rents was not available and was not considered in that proceeding; that no fraud was perpetrated upon Surkin because he purchased the premises with the understanding that the lease provided for a rental of $85 a month and that it could be assigned without consent.

In the decree the chancellor, after making the above findings, adjudged and decreed that the said lease executed by Nicholas Butler, per William Butler, agent, is in full force and effect and binding upon the defendant, and that the defendant be enjoined from enforcing the judgment obtained by him, and that the lease executed January 9, 1922, remain in full force and effect until April 30, 1932; that all funds deposited with Max C. Liss in accordance with the stipulation of the parties, be turned over to the complainant after deducting therefrom the sum of $85 a month, which $85 a month is to be turned over to defendant.

The main contention of the defendant is that the lease of January 9, 1922, is voidable under the statute of frauds, it being signed in the name of Nicholas Butler, per Walter F. Butler, agent, without authority in writing. Section 2 of the statute of frauds, Cahill's St. ch. 59, ¶ 2, requires that a lease for a longer term than one year shall be in writing and signed by the person to be charged thereby or by some other person "thereunto by him lawfully authorized in writing." William F. Butler was not authorized in writing to sign the lease. It appears from the evidence that on July 18, 1922, the rear flat had wooden walls and no plaster and was not connected with the store, and the water pipes were leaking; that complainant connected the four-room flat with the store; that he tore out all partitions and walls, built and plastered a brick wall on the south side of the building; he rebuilt the water and gas connections and installed new basins, washtubs, air vents and bathrooms; he removed the old

plumbing and replaced it with new, and installed electric wiring, new plumbing and fixtures and plastered the walls in the flat above the store; he repaired the sewers and installed two furnaces; for these improvements he testified he expended $4,500, and that these improvements are of a permanent character. To take a contract out of the statute of frauds, possession must be had under the contract and the possession must be continuous and the improvements must be made under the lease. (*Clark v. Clark,* 122 Ill. 388; *Koch v. National Union Bldg. Ass'n,* 137 Ill. 497; *Shovers v. Warrick,* 152 Ill. 355; *Christensen v. Christensen,* 265 Ill. 170); taking possession and making valuable improvements is sufficient part performance (*Burgess v. Burgess,* 306 Ill. 19; *Morrison v. Herrick,* 130 Ill. 631, and cases cited). In the instant case, the chancellor found that the complainant had substantially improved the premises, enhancing their value, which at the expiration of the lease became the property of the lessor; that complainant was in possession under the lease of January 9, 1922, at the time the improvements were made, and that they were made with the consent of the lessor pursuant to the terms of the lease which authorized the same. After an examination of the evidence, we are of the opinion that the court was justified in these findings and did not err in decreeing that the lease is binding upon the defendant.

It is contended that the chancellor erred in not dismissing the bill on the ground that complainant did not come into court with clean hands, in that he violated the terms of the lease of January 9, 1922, by subletting the premises for an amount in excess of the rent stipulated in the lease. The rent fixed by the lease is $85 a month, while the amount received by complainant from his subtenant is $200; after January 9, 1922, while complainant was in possession of the property conducting his business, and on July 18, 1922, William F. Butler gave his consent to the re-

modeling of the four rooms in the rear of the store and complainant expended $4,500 in improving the premises. In May, 1924, he sold the business and sublet the store and the rear four rooms and received as rental $175 a month until May, 1926, and after that date he received $200 a month. The defendant purchased the property October 15, 1926, pursuant to a written contract, in which was recited the fact that complainant had a lease for the premises at $85 a month, expiring April 30, 1927, with an option to April 30, 1932. Defendant knew that complainant was in possession of the premises by his subtenant and he was bound to take notice of the fact that complainant's subtenant was in possession and under what terms. The rule that one who comes into equity must come with clean hands or he will not be entitled to any relief is limited to the misconduct of the complainant in regard to the matter in litigation. (*City of Chicago v. Union Stock Yards & Transit Co.*, 164 Ill. 224; *Fagan v. Rootberg*, 320 Ill. 586; *Carpenters' Union v. Citizens Committee*, 333 Ill. 225; *Anisfield Co. v. Grossman & Co.*, 98 Ill. App. 180; *Cohn v. Pitzele*, 117 Ill. App. 342; *Consumers Co. v. Parker*, 227 Ill. App. 552.)

In the *Carpenters' Union* case, the court said (page 250):

"The rule that a complainant must come into equity with clean hands means that he must do equity as respects the defendant's rights in the particular matter of the suit. . . . The dirt upon his hands must be his bad conduct in the transaction complained of. If he is not guilty of inequitable conduct toward the defendant in that transaction his hands are as clean as the court can require."

In the *City of Chicago v. Union Stock Yards & Transit Co.* case, the court said (p. 238): "The wrong must have been done to the defendant himself and must have been in regard to the matter in litigation." The fact that complainant sublet part of the premises for

more than $85 a month in nowise injuriously affects or damages the defendant, and the doctrine of unclean hands does not apply.

It is next claimed that it was error to decree that the lease remain in full force and effect until April 30, 1932, and that defendant be required to execute a new lease in accordance with the terms of the option therein contained. Defendant contends that where an original lease contains a provision permitting a renewal of the lease upon the same conditions of the original lease, the provision does not require that the new lease issued include a renewal clause. That such is the law is conceded. Complainant, however, does not seek to enforce the lease because of his option in the lease of July 3, 1920, nor that the lease of January 9, 1922, was executed pursuant to authority of the renewal clause in the first lease. The first lease was for a different rent and did not include the *rear four rooms* adjoining the store. By the lease of January 9, 1922, complainant obtained a new lease under different terms and for different space, and the option claimed in the instant case was contained in the lease of January 9, 1922. By the decree the lease is to remain in force until April 30, 1932. Complainant makes no claim that he has a right to renew the lease for another period of five years commencing May 1, 1932.

It is also urged that William F. Butler did not have authority from Nicholas Butler to insert the option for renewal. There is no evidence in the record that William F. Butler was or was not authorized to insert in the lease the renewal clause. It does appear, however, that defendant purchased the premises subject to the lease expiring April 30, 1927, with an option to April 30, 1932. An option in a lease is an integral part of the lease. (*Garlick v. Imgruet,* 340 Ill. 136.)

The defendant further contends that the judgment of the municipal court is *res adjudicata.* It appears

from the evidence that after Surkin acquired title to the premises and on December 29, 1926, he served upon Meyer a 60-day notice in which he said that in consequence of his desire to terminate Meyer's lease, Meyer was requested to deliver to Surkin the store and four-room flat in the rear and the five-room flat on the second floor of 1300 South Kedzie avenue; that on March 7, 1927, Surkin brought an action in forcible detainer in the municipal court of Chicago against Meyer. It further appears from the evidence in the trial of said forcible detainer suit in the municipal court that at the time William F. Butler signed his father's name to the lease he had no written authority to execute the lease; that Nicholas Butler died February 11, 1922, testate, and in his will he devised the real estate to William F. Butler; that the will was admitted to probate and William F. Butler became the owner of the real estate; he held title to it for two and one-half years during which time he collected the rents; that Meyer, in his defense in the municipal court, claimed that William F. Butler as owner of the real estate after his father's decease, had ratified the lease and was estopped to deny the validity of the lease, and that Surkin, who acquired the property immediately from William F. Butler, was also estopped. April 9, 1927, there was a finding of guilty and judgment rendered against Meyer for possession of the premises. The rule is well settled that where a former adjudication is relied on as an answer and bar to the whole cause of action, it must appear that the cause of action and the thing sought to be recovered are the same in both suits. The former adjudication in cases of this class is technically known as an estoppel by judgment, and the judgment itself is commonly characterized as a bar to the action, but where some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put

in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not. (*Celotex Co. v. Koblitz,* 241 Ill. App. 159, and cases cited.) Where some of the questions involved in dispute are of an equitable character and were not and could not be passed upon in the legal form, courts of equity will interpose to restrain judgments at law. (*Hawley v. Simons,* 102 Ill. 115.) If the matter relied upon by the complainants could not be received as a defense in an action at law, equity may relieve notwithstanding an ineffectual attempt to defend at law. (*Chapman v. American Surety Co.,* 261 Ill. 594, 600.) As a general rule, if a party against whom an action is brought has a legal defense, he must avail himself of it in the suit at law. But if the defense is purely equitable in its nature, he may enjoin the judgment by bill in equity. (*Vennum v. Davis,* 35 Ill. 568.) Where the party has no defense at law against the recovery of a judgment, he need not defend or enjoin the suit before judgment, if he has an equitable defense, but may enjoin the collection of the judgment. (*Weaver v. Poyer,* 79 Ill. 417.) The bill for injunction may be entertained in equity before the commencement of a suit at law pending such suit, or after its decision by the highest law tribunal. (*Chapman v. American Surety Co., supra.*) The defenses of possession and part performance were not available to complainant in the forcible detainer action and could only be interposed in equity. (*Chicago Attachment Co. v. Davis Sewing Mach. Co.,* 142 Ill. 171. See also *Pillsbury v. Early,* 324 Ill. 562; *People v. Wyanet Electric Light Co.,* 306 Ill. 377.)

It is contended by defendant that *Bakaitis v. Fink,* 340 Ill. 440, is decisive of the instant case. We have

examined that case and cannot agree with his contention. The *Bakaitis* case, *supra,* was a bill for specific performance of an agreement to convey real estate; the defendant pleaded former adjudication in a forcible detainer suit, which was upheld. It was Bakaitis' contention that his defenses in the forcible detainer suit were equitable only and not available at law, but the court held that Bakaitis in the forcible detainer action had the right to prove his rights as vendee, in other words, that the defense was available at law. In the instant case complainant's defenses were *only available in equity.* (*Chicago Attachment Co. v. Davis Sewing Mach. Co., supra.*) Where the defense is purely equitable and therefore not cognizable in a court of law, equity will take jurisdiction and grant relief. We are, therefore, of the opinion that the judgment of the municipal court was not *res adjudicata.*

It is next contended that the chancellor erred in decreeing that Max C. Liss, defendant's attorney, turn over to the complainant certain money deposited with him pursuant to stipulation. Liss was not a party to the cause. The stipulation which authorized Liss to collect the income and hold it provided that it should be retained by him until the final disposition of any suit in equity that might be brought by Meyer to establish his right to the possession of the premises under his lease. This appeal is not prosecuted by Liss but by Surkin. Defendant cannot take advantage of alleged imperfections in the record which do not in any way concern him or his interest, but relate to other persons as to whom the errors, if they exist, cannot be availed of by anyone but themselves. (*Clark v. Shawen,* 190 Ill. 47; *People v. Conleur,* 294 Ill. 139.)

We have considered the remaining arguments of defendant's counsel that specific performance will be denied where complainant's use and occupation of the premises compensated him for improvements made

and that complainant has an adequate remedy at law, but we are compelled to agree with complainant's contention that the main scope of the bill was to enjoin the judgment of the municipal court.

After an examination of the entire record, and giving consideration to the arguments of counsel, we are of the opinion that the decree of the superior court is sustained by the evidence.

The decree is affirmed.

*Affirmed.*

SCANLAN, P. J., and GRIDLEY, J., concur.