PATROSSO, J.
Plaintiff instituted this action by filing a complaint wherein it is alleged that on the 1st day of October, 1955, the defendant became indebted to plaintiff in the sum of $125 as rent for the premises therein described. *Supp. 886 Defendant answered denying the allegations of the complaint and filed a cross-complaint in the form of a common count for money had and received in the sum of $625. Judgment was rendered in favor of plaintiff on her complaint and against the defendant upon her cross-complaint.
The undisputed evidence discloses that on August 27, 1955, the parties entered into an agreement evidenced by a writing executed by plaintiff reading as follows:
“Netti Sacks
Interior Decorator
Complete Home Furnishings
PL. 66684
12315 So. Budlong
L.A. 44
Aug. 27, 1955.
“Rec’d. 375.00 for rent on above adds, with privilege of buying. 125.00 from Sept. 1, ’55 to Oct. 1. 55. 250.00 to be applied as rent Sept, to Oct. 56.
1st payment of 500.00 to be paid Dec. 30th
2nd ” ” 500.00 ” ” ” Mar. 30
3rd ” ” 500.00 ” ” ’ ’ June 30
4th ” ” 500.00 ” ” ” Sept 30
“Full price of 13,500.00
Nettie Sacks”
Concurrently with the execution of the agreement, defendant paid to plaintiff the sum of $375 as recited therein and on September 1 entered into the possession of the premises. Subsequent to the execution of the writing hereinbefore set forth, plaintiff advised defendant that if she (defendant) would pay the first $500 under the option, which by its terms was not payable until December 30th, plaintiff would build a fence at no charge, and defendant on August 31 paid said sum.
Under date of October 4, 1955, plaintiff executed another writing as follows:
“For and in consideration of $500.00 received of which is hereby acknowledged and 3 promisory notes dated_ I hereby agree that when the last note is paid, I will execute and give a deed to Frieda Hayes.
“ Frieda Hayes promises to execute and deliver a first & 2nd Trust Deed in the sum of $11,500 to the party or parties that I will obtain the loan from.
‘‘Property above mentioned is located at 12315 South Bud- *Supp. 887 long described as the North 40 ft of Lots 14 and 13 and the south 10 ft. of lots 11 and 12 Block M. Howard Townsite.
Nettie Sacks”
Whether the notes therein mentioned were executed by defendant does not appear but the fact is of no moment here.
In plaintiff’s brief she undertakes to set forth additional facts with respect to which she asserts testimony was adduced upon the trial, but as no such evidence appears in the settled statement, we may not consider the same.
The trial court found that the parties entered into an agreement to lease the premises in question for one year commencing September 1, 1955; that pursuant thereto defendant paid to plaintiff the sum of $375 “covering the rental for the month of September, 1955 and July and August, 1956”; that under the terms of said agreement the sum of $125 became due on October 1, 1955, which defendant refused to pay, and that the $500 paid by defendant to plaintiff “was as a part of a down payment to purchase the above described property pursuant to an option previously given to the defendant.” The court’s finding as to the term of the lease and the period for which the advance rental was paid appears contrary to the recitals in the writing previously set forth wherein it is expressly stated that the $375 was rental for the month of September, 1955 and the months of September “to” October, 1956, which would also indicate that the lease was for a period of 14 months rather than one year. This error, however, does not affect the disposition which we find necessary to make of the cause upon this appeal but mention is made of it here in order that consideration may be given thereto in the event of a new trial.
Upon the basis of the undisputed evidence as set forth in the statement on appeal, and the findings of the trial court which we have hereinabove summarized, it was error to render judgment for the plaintiff, for when defendant exercised the option granted her to purchase the property by making the first payment of $500 thereunder, the lease and option agreement no longer existed and a binding contract of purchase and sale came into existence between the parties [see Peebler v. Seawell (1954), 122 Cal.App.2d 503, 505-506 [265 P.2d 109], where the earlier cases are collected], and as a consequence defendant’s obligation to pay rent under the lease terminated. As said in Cities Service Oil Co. v. Viering (1949), 404 Ill. 538 [89 N.E.2d 392, 13 A.L.R.2d 1448, 1460]: “Where the relation of landlord and *Supp. 888 tenant exists under the terms of a written lease, containing an option to purchase which the lessee exercises, he is no longer in possession as a tenant, but his possession is that of a vendee. Bakaitis v. Fink, 340 Ill. 440 [172 N.E. 923]; 51 C.J.S., Landlord and Tenant, § 82a. The lessor is not entitled to rent after the option to purchase is exercised unless there is in the lease an express stipulation therefor. 51 C.J.S., Landlord and Tenant, § 82a. The exercise of the option extinguishes the lease and terminates the relation of landlord and tenant. The lease and all its incidents, express and implied, are blotted out of existence, and the relation of vendor and vendee created. 32 Am. Jur., Landlord and Tenant, § 300. ’ ’
At the date of the filing of the complaint herein the second payment of $500 was not due, but if defendant has since defaulted under the terms of her agreement to purchase, resulting from the exercise of the option, plaintiff’s action is upon that contract, not the lease.
The trial court, however, did not err in granting judgment against the defendant upon her cross-complaint. The fact that at a date subsequent to the exercise of the option defendant stated to plaintiff that she had “decided against buying the house” and requested that the $500 paid upon the exercise of the option be applied as rent or refunded to her, does not entitle her to a return of the amount so paid or the advance rental in the absence of evidence, of which there is none, that plaintiff agreed thereto.
The judgment is reversed. The purported appeal from the order overruling defendant’s exceptions to the findings of fact and conclusions of law is dismissed.
Bishop, P. J., and Swain, J., concurred.