DOBSONS, INC., Plaintiffs-Appellants, *v.* OAK PARK NATIONAL BANK, Trustee, Defendant-Appellee.

First District (1st Division)   No. 79-955

Opinion filed June 30, 1980.

Richter & Tucker, Ltd., of Chicago, for appellants.

Joseph McGah, of Chicago, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

On June 30, 1978, Dobsons, Inc., and Mahendra Mehta, individually as president and sole shareholder in Dobsons, Inc. (hereinafter these parties will be collectively referred to as Dobsons), brought a declaratory judgment action (Ill. Rev. Stat. 1977, ch. 110, par. 57.1) against Oak Park National Bank (hereinafter Oak Park), to obtain a declaration of Dobsons' rights under a June 1977 commercial lease entered into between Oak Park and Dobsons for commercial property located in Norridge, Illinois. On the basis that a June 15, 1978, judgment in a forcible entry and detainer action (Ill. Rev. Stat. 1975, ch. 57, par. 1 *et seq.*) between the parties had disposed of Dobsons' possessory rights in the instant property, Oak Park filed a motion for summary judgment in the declaratory judgment action. The trial court granted the summary judgment in Oak Park's favor. On appeal, Dobsons urges that the trial court erred in granting the summary judgment because its rights under the June 1977 lease had not been adjudicated in the prior suit. For the following reasons, we affirm the trial court.

While the opinion in the prior appeal taken in this case (*Oak Park National Bank v. Dobson's, Inc.* (1979), 72 Ill. App. 3d 905, 391 N.E.2d 173) provides a full recitation of the procedural history of this case, a brief summary of certain facts is necessary for a full understanding of the issues raised in the present appeal. On August 27, 1976, Mahendra Mehta purchased the capital stock of Dobsons, Inc., and started managing the corporation's grocery business. This action closely followed Mehta's unsuccessful efforts to obtain Oak Park's consent to an assignment of

Dobsons' lease. Shortly thereafter, Oak Park filed an action for possession and a money judgment for back rent. (Ill. Rev. Stat. 1977, ch. 57, par. 1 *et seq.*) The complaint alleged that the lease between Dobsons and Oak Park, as trustee, had been breached because the assignment of the lease to Mehta had not been with Oak Park's consent and because Dobsons had not paid a sum, representing the real estate taxes on the property, for which it was liable, as additional rent, under the lease. The lease appended to this complaint and dated December 15, 1966 (hereinafter referred to as the first lease), was between Oak Park and a tenant other than Dobsons and was for a 10-year term expiring on January 31, 1977, with an option to renew for two additional five-year periods. This lease was subsequently assigned to Dobsons. On March 15, 1978, an order was entered by the consent of both parties to the effect that Oak Park's forcible entry and detainer action would be continued until June 15, 1978, at which time Oak Park would be entitled to a judgment for possession as well as a judgment for the sum of $22,348.11 unless by that date Dobsons had paid the $22,348.11 due for the back taxes. On June 15, 1978, the trial court entered judgment for Oak Park for possession and a money judgment of $22,348.11. Dobsons filed a motion to vacate alleging that the June 15, 1978, judgment was obtained through misrepresentation. It asserted that the proper tax liability of the defendant should be determined pursuant to the June 1977 lease (hereinafter referred to as the second lease), not the first lease, and that the tax liability claimed by Oak Park was to be paid by the former management under an oral agreement reached among Oak Park, Dobsons, and Dobsons' former management. This motion was denied. Thereafter, Dobsons filed the first appeal in this matter.

In that appeal this court affirmed the trial court's actions holding that Dobsons' motion to vacate was insufficient. The motion, the court concluded, failed to sufficiently allege facts concerning the existence of the circumstances giving rise to a second lease and the alleged misrepresentation to the court regarding that lease. The court noted that the record on appeal failed to include a report of proceedings for the argument on the motion to vacate. Accordingly, the court presumed the trial court heard sufficient evidence to deny the motion. The court also generally concluded that the appeal was without merit because it was based on facts not appearing of record, raised matters not before the trial court, and failed to include a necessary report of proceedings in the record on appeal. We conclude that the present appeal is also without merit.

Pending the appellate court ruling on the validity of the judgment in the forcible entry and detainer action, Dobsons on June 30, 1978, filed the present declaratory judgment action. It sought a declaration that the

second lease granted Dobsons the right to possession of the Norridge property regardless of the judgment in the forcible entry and detainer action. Damages were also sought for Oak Park's imposition of various restrictions on the use of the instant property and for the conversion of and damage to certain of Dobsons' property.

Oak Park filed a motion for summary judgment alleging that the consent order of March 15, 1978, upon which the June 15, 1978, judgment was entered, provided for the entry of judgment on June 15, 1978, for possession in Oak Park's favor if the property taxes due on the property had not been paid by that date. The motion further alleged that count II of the declaratory judgment complaint, alleging that Oak Park maliciously instituted suit against Dobsons, failed as a matter of law because Dobsons could not allege that the prior suit terminated in its favor as required by Illinois case law. After this motion was filed, but prior to the court's ruling on it, Dobsons filed a motion which sought to add an additional defendant, Roy's Hardware Store, Inc. (hereinafter Roy's Hardware), and to obtain a temporary injunction and various other relief to prevent Oak Park from renting the subject premises to Roy's Hardware. A second motion was filed seeking to amend Dobsons' complaint by adding counts VIII to XVII seeking damages for the conversion of certain stock and fixtures located at the store. These motions followed Oak Park's repossession of the subject premises on or about August 9, 1978. The trial court, on December 22, 1978, after examining a copy of the old and new lease, a copy of the amended complaint and amended answer in the forcible entry and detainer action and the affidavit of a beneficiary of the trust, granted the summary judgment. The court also denied Dobsons' motion for injunctive relief and the addition of Roy's Hardware as a defendant. After Dobsons' motion to vacate the trial court's judgment was denied, the followng appeal was filed.

■■ From our review on appeal, we find that the present appeal represents a collateral attack on the June 15, 1978, judgment. It is well settled that, where a court having jurisdiction of the parties and the subject matter enters a judgment, the judgment is conclusive between the litigants. The judgment may be attacked directly, however, by a motion to vacate and/or appeal, but not collaterally through the filing of a separate action. (*Bakaitis v. Fink* (1930), 340 Ill. 440, 172 N.E. 923; *Hale v. Ault* (1977), 51 Ill. App. 3d 634, 367 N.E.2d 93. See *Strojny v. Egeland* (1971), 132 Ill. App. 2d 779, 270 N.E.2d 231; *City of Chicago v. Provus* (1969), 115 Ill. App. 2d 176, 253 N.E.2d 182; 23A Ill. L. & Prac. *Judgments* §264 (1979).) Collateral attacks are prohibited because, as the court explained in *City of Chicago*:

"Litigation must come to an end at some point in time * * * It is

manifestly unfair to subject the defendants in the instant case to the financial and emotional stress of another trial on the same issues thereby giving the municipality a second opportunity to prove its case." 115 Ill. App. 2d 176, 186.

■■ In the instant case, Dobsons directly attacked the June 15, 1978, judgment entered in the forcible entry and detainer action in a motion to vacate and subsequently in an appeal. While the appeal was pending, the judgment was attacked by the filing of the present declaratory judgment action. There is no allegation that the trial court lacked either subject matter or personal jurisdiction over the parties (*e.g., Hale v. Ault*); accordingly, the collateral attack is improper.

Dobsons argues that this suit is not a collateral attack on the earlier judgment and, therefore, is not barred by the doctrine of *res judicata* because the forcible entry and detainer action (hereinafter first suit), involved the issue of possession and rent under a first lease while the declaratory judgment action (hereinafter second suit), raised issues concerning possession and damages under a second lease. At oral arguments, counsel for Dobsons admitted that the second lease was never executed by the bank as trustee and thereby impliedly conceded that the declaratory judgment action could not be construed as an action for the declaration of Dobsons' rights under a second lease.

Dobsons contends, however, that its right to possess the Norridge property under a month-to-month tenancy which it held in the property had not been adjudicated in the first suit and, therefore, could be raised in the second suit. Dobsons argues that the month-to-month tenancy was created when Oak Park accepted rent payments in an amount greater than the monthly rental under the first lease but equal to the amount recited as rent under the unexecuted second lease. Dobsons states that it agreed to the new term tenancy in consideration of Oak Park's agreement to dismiss the forcible entry and detainer action and seek payment of the tax deficiency from the former management of Dobsons. We are not convinced that a term tenancy existed in this instance. While payment of rent on a month-to-month basis in the absence of a contrary agreement would give rise to a month-to-month tenancy (*Seidelman v. Kouvavus* (1978), 57 Ill. App. 3d 350, 373 N.E.2d 53; *Kachigian v. Minn* (1974), 23 Ill. App. 3d 722, 320 N.E.2d 173), it is also recognized that:

> "A tenancy from month to month will not be created where there was no intention on the part of the parties that a landlord and tenant relationship should exist between them." (24 Ill. L. & Prac. *Landlord and Tenant* §68, at 312 (1956).)

Here a lease between the parties did exist. Moreover, we think that the higher payments made by Dobsons commencing in June 1977, some nine months after the filing of the first action, does not prove that a term

tenancy was created. Oak Park could have accepted money from Dobsons, over and above that due for rent under the first lease, towards payment of the tax deficit.

■■ However, even if a month-to-month tenancy was created, adjudication of the right to possession in the forcible entry and detainer action disposed of all of Dobsons' rights to the property. (Ill. Rev. Stat. 1977, ch. 57, par. 1 *et seq.*; *Bakaitis v. Fink* (1930), 340 Ill. 440, 172 N.E. 923; *Hale v. Ault* (1977), 51 Ill. App. 3d 634, 367 N.E.2d 93.) Dobsons denies that the judgment in the forcible entry and detainer action resolved the total possessory rights in the property. It argues that when Oak Park was awarded possession pursuant to the first lease under the June 15, 1978, judgment, possession could then be revested in Dobsons pursuant to the month-to-month tenancy. Dobsons' arguments represent a severe misunderstanding of the nature of a forcible entry and detainer action under the provisions of "An Act in regard to forcible entry and detainer." (Ill. Rev. Stat. 1975, ch. 57, par. 1 *et seq.*) (hereinafter Forcible Entry and Detainer Act).

Under the Forcible Entry and Detainer Act:

> "* * * [N]o person shall make an entry into lands or tenements except in cases where entry is allowed by law, and in such cases he shall not enter with force, but in a peaceable manner." (Ill. Rev. Stat. 1975, ch. 57, par. 1.)

An action may be maintained and the possession of the lands or tenements restored to the person or persons so entitled under certain conditions including:

> "When any lessee of the lands or tenements, or any person holding under him, holds possession *without right* after the determination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit or otherwise." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 57, par. 2.)

The distinctive purpose of the Act is the adjudication of possession and the recovery of the premises. (*Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208; *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 263 N.E.2d 833.) The action is limited in nature and as the court so succinctly stated in *Bleck v. Cosgrove* (1961), 32 Ill. App. 2d 267, 272, 177 N.E.2d 647, it is

> "* * * a summary statutory proceeding to adjudicate rights to possession and is unhampered and unimpeded by questions of title and other collateral matters not directly connected with the question of possession."

■■■ Dobsons argues that the existence of a second lease or a month-to-month tenancy was not a defense to the forcible entry and detainer action and, therefore, could not have been brought in the first action. We do not

agree. Section 5 of the Forcible Entry and Detainer Act provides in pertinent part that:

"The defendant may under a general denial of the allegations of the complaint give in evidence any matter in defense of the action. No matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise * * *."

While a defendant may not contest title in a forcible entry and detainer action, nevertheless it is well established that the condition under which the defendant held possession might be controlling in determining whether or not the plaintiff was entitled to possession and, therefore, constitute a germane defense. (*E.g., Jack Spring, Inc. v. Little* (oral lease, landlord's promise to make certain repairs); *Rosewood Corp. v. Fisher* (installment contract buyers); *Bakaitis v. Fink* (1930), 340 Ill. 440, 172 N.E. 923 (lease with purchase option clause).) Moreover, a defendant in a forcible entry and detainer action may aver matters by way of defense or counterclaim in refutation of the plaintiff's asserted right to possession. *E.g., Jack Spring, Inc. v. Little* (breach of implied warranty of inhabitability); *Clore v. Fredman* (1974), 59 Ill. 2d 20, 319 N.E.2d 18 (allegations of retaliatory eviction); *Bakaitis v. Fink* (purchase option in lease). But see *Clark Oil & Refining Corp. v. Banks* (1975), 34 Ill. App. 3d 67, 339 N.E.2d 283 (alleged violation of antitrust laws and violation of retail consignment agreement held not to be germane defenses).

The instant forcible entry and detainer action was apparently filed during the pendency of the lease but prior to the alleged creation of the month-to-month tenancy or second lease. Dobsons' defense was, therefore, necessarily that it was not withholding possession without right. That was the issue to be determined by the court in that case. It is apparent from the declaratory judgment complaint that the relief sought therein by Dobsons was based upon the alleged existence of possessory rights in the property other than those which existed under the first lease and for certain damages incurred in Oak Park's repossession of the demised premises. The latter point will be discussed in a later section of this opinion. As to the former, if, as Dobsons alleges in the declaratory judgment action, the parties agreed to the creation of a new tenancy at a higher rent on the understanding that the former management and not Dobsons would be responsible for the deficit tax liability, then Oak Park would not be entitled to possession for the nonpayment of rent under the first lease or the breach of that lease. Dobsons had approximately a year from the onset of the alleged month-to-month tenancy to the June 15, 1978, judgment in which to raise this as a defense. Dobsons could not refrain from bringing that defense and then bring a subsequent action based on the defense, because as was noted in *Menconi v. Davison* (1967), 80 Ill. App. 2d 1, 6, 225 N.E.2d 139:

> "A party cannot litigate and try a cause by parts in different proceedings; he must bring his whole case before the court and have it disposed of in one proceeding."

Compare *Bakaitis v. Fink* with *Meyer v. Surkin* (1931), 262 Ill. App. 83.

From the record, it appears that the question of Dobsons' rights under a second lease was presented and decided adversely to Dobsons in the hearing on Dobsons' motion to vacate the original judgment and in the former appeal. While it is unclear whether at either of those times Dobsons also raised the month-to-month tenancy in defense of the forcible entry and detainer action, the failure to raise this defense does not warrant raising that issue in a different proceeding. (*Bakaitis v. Fink*; *Menconi v. Davison.*) As the supreme court recently noted in *Serbian Eastern Orthodox Diocese v. Milivojevich* (1979), 74 Ill. 2d 574, 579, 387 N.E.2d 285:

> "* * * [I]t is not open to the defendants as appellants to raise questions which were or could have been raised on the former appeal."

*Bakaitis* presents a case factually analogous to the case at hand. As in the present case, a forcible entry and detainer action was followed by a second action between the same parties. In the second suit, Bakaitis, the defendant in the forcible entry and detainer action, sought specific performance of an alleged agreement to convey real estate. The suit was based on a provision in the lease that granted Bakaitis an option to buy the demised property at a fixed price on fixed terms. The supreme court found that the second suit constituted a collateral attack on the original judgment in that Bakaitis should have presented the option clause as a defense to the first action. Consequently, the court found that the judgment in the original action was *res judicata* of the rights of Bakaitis to exercise the option to purchase the premises. We find that *Bakaitis* controls the present case. Dobsons, we should note, has provided no argument as to why the substance of the declaratory judgment action could not have been raised as a defense in the first action.

■■ We turn finally to Dobsons' argument that the summary judgment should not have been entered because material issues of fact existed concerning damage caused to Dobsons' grocery store during Oak Park's repossession of the store subsequent to the entry of the original judgment in this case. Dobsons alleges that Oak Park wrongfully converted certain of Dobsons' stock which remained in the store as well as various records of the corporation. It also alleged that damage occurred to its store fixtures when they were dismantled during the repossession effort. The damages referred to above were set forth in counts VIII to XVII of Dobsons' proposed amendments to its complaint. The record does not contain an order granting leave of the court to file these amendments.

Dobsons claims that it can be inferred from the trial court's order of December 22, 1978, that the court had granted its motion to amend the complaint. We do not think that a reading of that order warrants such an interpretation. Dobsons filed two motions prior to the trial court's entry of the summary judgment order. The first sought the addition of a defendant to the suit and certain injunctive relief. The second sought leave to file the amendments to the complaint. A reading of the trial court's judgment order reveals that the trial court ruled on the summary judgment and Dobsons' motion to add a defendant and for injunctive relief. No reference was made as to the second motion before the trial court. Dobsons had the duty as appellant to supply this court with a full record. (*Kankakee Concrete Products Corp. v. Mans* (1980), 81 Ill. App. 3d 53, 400 N.E.2d 637; *Nenadic v. Grant Hospital* (1979), 75 Ill. App. 3d 614, 394 N.E.2d 527.) In light of its failure to do so, we will not consider its argument that the declaratory judgment action includes issues not determined by the prior suit, nor will we question the propriety of the trial court's action. *Nenadic v. Grant Hospital.*

For the foregoing reasons, the judgment of the circuit court of Cook County granting a summary judgment in Oak Park's favor is affirmed.

Affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.